James C. Fedalen (State Bar No. 89184)
jfedalen@hfl-lawyers.com
HFL LAW GROUP, LLP
16633 Ventura Boulevard, Suite 1425
Encino, California 91436
Telephone:  (818) 377-9000
Facsimile:  (818) 377-9001

*Attorneys for Defendants* FORTUNE DYNAMIC, INC. and CAROL LEE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>FORTUNE DYNAMIC, INC., a California Corporation; CAROL LEE, an individual; and DOES 1-10, inclusive<br><br>              Defendants. | CASE NO.:  2:15-cv-00769 PSG (SSx)<br><br>Complaint Filed:  February 3, 2015<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FORTUNE DYNAMIC, INC. and CAROL LEE TO DISMISS COMPLAINT**<br><br>[FRCP 12(b)(6)]<br><br>[Filed concurrently herewith:  Notice of Motion; Request for Judicial Notice; and [Proposed] Order]<br><br>Hearing Date: Monday, May 11, 2015<br>Hearing Time: 1:30 p.m.<br>Courtroom:  880<br>              Edward R. Roybal Federal Building and United States Courthouse<br><br>Judge:     Hon. Philip S. Gutierrez |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................. 1

II.   STANDARD ON A MOTION TO DISMISS ................................... 2

III.  ARGUMENT .................................................................... 4

    A.   PLAINTIFF'S FIRST AND THIRD CLAIMS FOR
        RELIEF FOR TRADE DRESS INFRINGEMENT
        UNDER THE LANHAM ACT AND
        TRADE DRESS INFRINGEMENT UNDER
        CALIFORNIA COMMON LAW FAIL TO STATE
        A CLAIM. ................................................................... 4

        1.   Plaintiff Fails to Plead the Claimed Trade Dress
            With Sufficient Specificity. .......................................... 4

        2.   The Complaint Fails to Plead Facts Establishing Non-
            Functionality. ........................................................ 6

        3.   Plaintiff Fails to Plead Facts Establishing That the
            Claimed Design Has Acquired Secondary Meaning. .......... 8

        4.   Plaintiff's Claimed Design Is Not Legally Protectable
            Because It Is Functional and Generic. .......................... 10

            a)   The Elements and the Configuration of Plaintiff's
                Claimed Design Are Functional and Not
                Protectable. ................................................... 10

            b)   Plaintiff's Claimed Design is Generic. ................... 13

    B.   PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR PATENT
        INFRINGEMENT FAILS TO STATE A CLAIM. ................... 16

        1.   Defendants Are Not Liable For Patent Infringement
            Because Plaintiff's Design Patent Is Invalid On the
            Ground That the Design Is Functional. ........................ 16

        2.   Plaintiff's Complaint Fails to Sufficiently Allege A
            Claim For Willful Patent Infringement. ........................ 19

    C.   PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR
        VIOLATION OF BUSINESS AND PROFESSIONS
        CODE §17200 MUST BE DISMISSED BECAUSE
        DEFENDANTS HAVE COMMITTED NO TRADEMARK
        OR PATENT INFRINGEMENT AND BECAUSE PLAINTIFF
        LACKS STANDING TO BRING THE CLAIM. ..................... 20

        1.   Plaintiff's Claims of Infringement Fail;
            Therefore, the Claim for Violation of
            Business and Professions Code §17200 Fails. ................. 20

-i-

2. Plaintiff's §17200 Claim Fails for the Additional Reason That Plaintiff Lacks Standing. …………………...… 21

D. BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR TRADE DRESS OR PATENT INFRINGEMENT, THE FIFTH CLAIM FOR RELIEF FOR UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW FAILS TO STATE A CLAIM. ..………………. 23

E. PLAINTIFF FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST DEFENDANT CAROL LEE BECAUSE THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL LIABILITY. ………………………...……………… 24

IV. CONCLUSION ………………………………………………... 25

-ii-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FORTUNE DYNAMIC, INC. and CAROL LEE TO DISMISS COMPLAINT**

# **TABLE OF AUTHORITIES**

## **CASES**

*Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*,
    944 F. 2d 1446 (9th Cir. 1991) ……………………………….................. 4, 20

*Aleksick v. 7-Eleven, Inc.*
    205 Cal. App. 4th 1176 (2012) …………………………………………..... 20

*Allergan, Inc. v. Athena Cosmetics, Inc.*
    640 F. 3d 1377 (Fed.Cir. 2011) …………………………………………... 22

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ……………………………………………… 2, 7, 9, 25

*Bangkok Broad. & T.V. Co. v. IPTV Corp.*
    742 F. Supp. 2d 1101 (C.D. Cal. 2010) …………….……………….. 24

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) …………………………………………..... 2, 7, 9, 25

*BellSouth Corp. v. DataNational Corp.*
    60 F. 3d 1565 (Fed. Cir. 1995) ………………….……………………….. 15

*Best Lock Corp. v. Ilco Unican Corp.*
    94 F. 3d 1563 (Fed. Cir. 1996) ………………….……………………….. 16

*Bliss v. Gotham Industries, Inc.*
    316 F. 2d 848 (9th Cir. 1963) …………………………………………….. 18

*Branch v. Tunnell*
    14 F. 3d 449 (9th Cir. 1994) …………………………………………….. 3

*Caldwell v. Caldwell*
    Case No. C 05-4166 PJH, 2006 U.S. Dist. LEXIS 13688,
    2006 WL 618511 (N. D. Cal. Mar. 13, 2006) ………………………… 3, 15

*Century 21 Real Estate Corp. v. Danlin*
    846 F. 2d 1175 (9th Cir. 1988) ………………….……………………….. 4

*Chambers v. Time Warner, Inc.*
    282 F. 3d 147 (2d Cir. 2002) …………………………………………….. 3

*Chrysler Motors Corp. v. Auto Body Panels of Ohio*
    719 F. Supp. 622 (S.D. Ohio 1989) ……………………………………… 16

*Cleary v. News Corp.*
    30 F. 3d 1255 (9th Cir. 1994) …………………….……………..... 20, 21, 23

*Coto Settlement v. Eisenberg*
    593 F. 3d 1031 (9th Cir. 2010) …………………….……………………. 3

*Datel Holdings Ltd. v. Microsoft Corp.*
    712 F. Supp. 2d 974 (N.D. Cal. 2010) …………………………………… 4, 15

-i-

*Davis v. Metor Prods., Inc.*
    885 F. 2d 515 (9th Cir. 1989) …………………………………………….. 24

*Deckers Outdoor Corp. v. J.C. Penney Co.*
    Case No 2:14-cv-02565-ODW (MANx)
    2014 U.S. Dist. LEXIS 126299,
    112 USPQ 2d (BNA) 1803 (C.D. Cal. Sep. 8, 2014) …………….. 19, 20, 23

*Disc Golf Ass'n v. Champion Discs*
    158 F. 3d 1002 (9th Cir. 1998) …………………..……………..… 11

*DO Denim, LLC v. Fried Denim, Inc.*
    634 F. Supp. 2d 403 (S.D. NY 2009) ……………………………… 7, 8

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*
    198 F. 3d 1143 (9th Cir. 1999) ……………….……………………..... 8

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*
    826 F. 2d 837 (9th Cir. 1987) ……………………………………… 5

*Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*
    111 F. 3d 993 (2d Cir. 1997) ……………..…………………….… 14

*Glassbaby, LLC v. Provide Gifts, Inc.*
    Case No. C11-380 MJP, 2011 U.S. Dist. LEXIS 60306, *5,
    100 USPQ 2d (BNA) 1547,
    2011 WL 2218583 (W.D. Wash. Jun. 6, 2011) …………………………… 7

*Grupo Gigante SA De CV v. Dallo & Co., Inc.*
    391 F. 3d 1088 (9th Cir. 2004) …………………….……………… 4

*Halton Co. v. Streivor, Inc.*
    Case No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649,
    2010 WL 2077203 (N.D. Cal. May 21, 2010) ……………………….. 21, 23

*Henri Bendel, Inc. v. Sears, Roebuck and Co.*
    25 F. Supp. 2d 198 (S.D. NY 1998) …………………………………… 13

*Homeland Housewares, LLC v. Euro-Pro Operating LLC*
    Case No. CV 14-03954 DDP (MANx),
    2014 U.S. Dist. LEXIS 156675,
    113 USPQ 2d (BNA) 1255 (C.D. Cal. Nov. 5, 2014) ………………….. 5, 6

*Honeywell Int'l, Inc. v. ICM Controls Corp.*
    Case No. 11-569 (JNE/TNL), 2014 U.S. Dist. LEXIS 119466,
    (D. Minn. Aug. 27, 2014) ………………………………………… 18

*i4i Ltd. P'ship v. Microsoft Corp.*
    598 F. 3d 831 (Fed. Cir. 2010) …………………………………..... 20

*In re Carletti*
    328 F. 2d 1020 (U.S. Ct. Cust. and Pat. App. 1964) …………………… 18

-ii-

*Indonesian Imports, Inc. v. Old Navy, Inc.*
Case No. C98-2401 FMS, 1999 U.S. Dist. LEXIS 3975,
1999 WL 179680 (N.D. Cal. 1999) …………………………………….. 10, 14

*Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*
4 F. 3d 819 (9th Cir. 1993) …………………………………………… 6

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*
58 F. 3d 27 (2d Cir. 1995) ………………………………… 6, 10, 13, 14, 16

*Kendall-Jackson Winery Ltd v E & J Gallo Winery*
150 F. 3d 1042 (9th Cir 1998) ……………………………………… 6, 15

*Kwikset Corp. v. Superior Court*
51 Cal. 4th 210 (2011) ……………………………………………… 21

*Landscape Forms, Inc. v. Columbia Cascade Co.*
113 F. 3d 373 (2d Cir. 1997) ……………………………………….. 5, 15

*Law Offices of Mathew Higbee v. Expungement Assistance Services*
214 Cal. App. 4th 544 (2013) ………………………………………… 22

*Leatherman Tool Grp. v. Cooper Indus.*
199 F. 3d 1009 (9th Cir. 1999) ……………………………………… 12

*Levi Strauss & Co. v. Blue Bell, Inc.*
778 F. 2d 1352 (9th Cir.1985) ……………………………………….. 8

*Ludwig Breit Wiesenthalhuette GMBH v. Fada Indus., Inc.*
Case No. 83 Civ. 7275-CLB, 1984 U.S. Dist. LEXIS 19050,
223 U.S.P.Q. (BNA) 386 (S.D. NY Feb. 29, 1984) ……………………… 13

*Luv N' Care Ltd. v. Regent Baby Prods. Corp.*
986 F. Supp. 2d 400 (S.D. NY 2013) ………………………………........ 14

*Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*
65 F. 3d 1063 (2d Cir. 1995) …………………………………....……. 14

*Medina v. Microsoft Corp.*
Case No. C 14-0143 RS, 2014 U.S. Dist. LEXIS 71271,
(N.D. Cal. May 23, 2014) ……………………..…………………… 21, 23

*Meta-Film Assocs., Inc. v. MCA, Inc.*
586 F. Supp. 1346 (C.D. Cal. 1984) ………………………………… 21

*Murphy Door Bed Co. v. Interior Sleep Systems, Inc.*
874 F. 2d 95 (2d Cir. 1989) ………………………………………… 15

*MyMedicalRecords, Inc. v. Jardogs, LLC*
1 F. Supp. 3d 1020 (C.D. Cal. 2014) ……………………………….... 19

*Power Controls Corp. v. Hybrinetics, Inc.*
806 F. 2d 234 (Fed. Cir. 1986) ……………………………………… 16

-iii-

*Qualitex Co. v. Jacobson Prods. Co.*
514 U.S. 159 (1995) ...................................................................... 12, 13

*Schwartz v. U.S. Bank, N.A.*
Case No. CV 11-08754 MMM (JCG),
2012 U.S. Dist. LEXIS 189868 (C.D. Cal. Aug. 3, 012) ......................... 2

*Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*
668 F. 3d 677 (9th Cir. 2012) .............................................. 6, 8, 12

*Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*
957 F. Supp. 2d 1189 (S.D. Cal. 2013) ..................................... 19, 20

*Sleep Sci. Partners v, Lieberman*
Case No. 09-04200 CW, 2010 U.S. Dist. LEXIS 45385,
2010 WL 1881770 (N.D. Cal. May 10, 2010) ................................. 5

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*
7 F. 3d 1434 (9th Cir. 1993) ................................................ 21, 23

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
551 U.S. 308 (2007) ............................................................. 3

*The Comm. for Idaho's High Desert, Inc. v. Yost*
92 F. 3d 814 (9th Cir. 1996) .................................................. 24

*Traffix Devices, Inc. v. Marketing Displays, Inc.*
532 U.S. 23 (2000) ..................................................... 6, 9, 10, 13

*Transgo, Inc. v. Ajac Transmission Parts Corp.*
768 F.2d 1001 (9th Cir. 1985) ................................................ 24

*Treat, Inc. v. Dessert Beauty*
Case No. 05-923 PK, 2006 U.S. Dist. LEXIS 74476
2006 WL 2812770 (D. Or. May 5, 2006) ...................................... 5

*Two Pesos v. Taco Cabana*
505 U.S. 763 (1992) ........................................................... 13

*United States v. Corinthian Colleges*
655 F. 3d 984 (9th Cir. 2011) ................................................. 3

*Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*
Case No. 12 Civ. 3599 (RWS),
2012 U.S. Dist. LEXIS 110974,
106 USPQ 2d (BNA) 1756,
2012 WL 3240442 (S.D. NY 2012) .......................................... 7

*Von Saher v. Norton Simon Museum of Art at Pasadena*
592 F. 3d 954 (9th Cir. 2010) .............................................. 4, 15

*Walker & Zanger, Inc. v. Paragon, Indus.*
549 F. Supp. 2d 1168 (N.D. Cal. 2007) .................... 5, 6, 12, 14, 15, 16

-iv-

*Wal-Mart Stores v. Samara Bros.*
    529 U.S. 205 (2000) ……………………………………………….. 6, 8

*Wible v. Aetna Life Ins. Co.*
    375 F. Supp. 2d 956 (C.D. Cal. 2005) …………………………… 4, 15

*Yurman Design, Inc. v. PAJ, Inc.*
    262 F. 3d 101 (2d Cir. 2001) ……………………………... 5, 9, 12, 13, 14

## STATUTES

15 USC §1125(a)(3) ……………………………………………… 5, 6, 8

Cal. Bus. & Prof. Code §17200 …………………………… 1, 2, 20, 21, 22

Cal. Bus. & Prof. Code §17204 …………………………………... 21, 22

## RULES

Fed. R. Civ. Proc. 12(b)(6) …………………………………… 1, 3, 15

Fed. R. Ev. 201(b) ……………………………………………… 3, 15

## TREATISES

1 *McCarthy on Trademarks and Unfair Competition* §7:63 …………………… 10

1 *McCarthy on Trademarks and Unfair Competition* §8:8 ……………………… 8

-v-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
DEFENDANTS FORTUNE DYNAMIC, INC. and CAROL LEE TO DISMISS COMPLAINT

1   Defendants FORTUNE DYNAMIC, INC. ("Fortune") and CAROL LEE
2   ("Lee") (collectively, "Defendants") submit this memorandum of law in support of
3   their Motion to Dismiss all the Claims for Relief in the Complaint of Plaintiff
4   DECKERS OUTDOOR CORPORATION ("Plaintiff") for failure to state a claim,
5   pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

6   **I.   <u>INTRODUCTION</u>**

7   Plaintiff instituted this lawsuit as part of an ongoing improper effort to
8   monopolize, through intimidation, the commonplace design of a sheepskin and
9   shearling boot, which, being a generic design comprising of functional and
10   common elements, is – and has been – in widespread use.  Plaintiff claims alleged
11   protectable rights in the design of its "Bailey Button" boot and alleges that
12   Fortune's boot infringes on the "Bailey Button" boot design.   [Complaint.]
13   Plaintiff's Complaint asserts five Claims for Relief against Defendants, for (1)
14   trade dress infringement under the Lanham Act; (2) willful patent infringement; (3)
15   trade dress infringement under California common law; (4) unfair competition
16   under Cal. Bus. & Prof. Code §17200; and (5) unfair competition under California
17   common law.

18   However, Plaintiff's claimed design, being functional and generic, is
19   incapable of legal protection, either under trademark or patent law.  Therefore, all
20   of the counts in Plaintiff's Complaint, being based on alleged infringement of a
21   design that is not capable of legal protection, fail to state a claim.

22   Moreover, Plaintiff has failed to properly plead all the elements of its claims
23   for trade dress infringement as Plaintiff has failed to plead – because it cannot do
24   so – facts that the alleged trade dress is non-functional and has acquired secondary
25   meaning.

26   Also, Plaintiff's claim for willful patent infringement fails for the additional
27   reason that the Complaint fails to plead sufficient factual allegations to support a
28   claim for willful infringement.

1       Further, Plaintiff's claims of unfair competition under California Business

2   and Professions Code §17200 and California common law fail for the additional

3   reason that Plaintiff lacks standing to bring its §17200 claim, and because

4   Plaintiff's statutory and common law unfair competition claims are preempted by

5   the patent laws.

6   **II.**    <u>**STANDARD ON A MOTION TO DISMISS**</u>

7       A motion to dismiss tests the legal sufficiency of the party's claim for relief.

8   *Schwartz v. U.S. Bank, N.A.*, Case No. CV 11-08754 MMM (JCG), 2012 U.S. Dist.

9   LEXIS 189868, *9 (C.D. Cal. Aug. 3, 012).  "To survive a motion to dismiss, a

10  complaint must contain sufficient factual matter, accepted as true, to 'state a claim

11  to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

12  *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis

13  added).  "Factual allegations must be enough to raise a right of relief above the

14  speculative level." *Twombly, supra*, 550 U.S. at 555.

15      Although a court must accept as true all of the factual allegations contained

16  in a complaint, that tenet does not apply to legal conclusions.  Pleadings must

17  include *factual* allegations to support the legal claims asserted.  *Iqbal, supra,* 556

18  U.S. at 679.  Threadbare recitals of the elements of a cause of action, supported by

19  mere conclusory statements, do not suffice.  *Iqbal, supra*, 556 U.S. at 678.  "Where

20  a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

21  'stops short of the line between possibility and plausibility of 'entitlement to

22  relief.'"  *Iqbal, supra,* 556 U.S. at 678, *citing Twombly, supra*, 550 U.S. at 557.

23  "[W]here a plaintiff has "not nudged [its] claims across the line from conceivable

24  to plausible, [the] complaint must be dismissed."  *Twombly, supra*, 550 U.S. at

25  558, 570.  Thus, in determining the sufficiency of a complaint, courts ignore

26  conclusory legal statements and take only factual allegations in plaintiff's

27  complaint as true, and then, based only on the factual allegations, determine

28  whether the complaint sets forth a plausible claim for relief.  *Iqbal, supra*, 556 U.S.

1    at 678.

2        When resolving a motion to dismiss pursuant to Rule 12(b)(6), courts are

3    permitted to consider documents that are attached to the complaint, materials that

4    are incorporated into the pleading by reference, and matters of which judicial

5    notice may be taken. *Coto Settlement v. Eisenberg,* 593 F. 3d 1031, 1038 (9th Cir.

6    2010); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007);

7    *Chambers v. Time Warner, Inc*., 282 F. 3d 147, 153 (2d Cir. 2002). Even where a

8    document is not incorporated by reference and not physically attached to the

9    complaint, the court may nevertheless consider it on a 12(b)(6) motion if the

10   complaint refers to such document, the document is central or integral to plaintiff's

11   claim, and no party questions the authenticity of the copy attached to the motion.

12   *Branch v. Tunnell,* 14 F. 3d 449, 454 (9th Cir. 1994); *Chambers, supra*, 282 F. 3d

13   at 153; *United States v. Corinthian Colleges,* 655 F. 3d 984, 999 (9th Cir. 2011).

14       In support of this Motion, Defendants respectfully request this Court to

15   consider the following documents, which are not attached to the Complaint, but

16   which may nevertheless be considered by the Court in ruling on a motion to

17   dismiss because they are matters of which the Court may take judicial notice –

18   printouts of website pages from the internet site eBay and from the internet sites of

19   on-line shoe sellers [attached as **Exhibits 1 through 26** to RJN], which show boots

20   from many various manufacturers with a design similar to the design claimed in

21   the Complaint.

22       As set forth in the Request for Judicial Notice ("RJN") filed concurrently

23   herewith, Defendants respectfully request this Court to take judicial notice of these

24   documents. The Court may take judicial notice of and properly consider websites

25   or webpages published on the Internet and printouts of those sites or pages in

26   ruling on this Motion. Fed. R. Ev. 201(b); *Caldwell v. Caldwell*, Case No. C 05-

27   4166 PJH, 2006 U.S. Dist. LEXIS 13688, *10-12, 2006 WL 618511 (N. D. Cal.

28   Mar. 13, 2006) ("as a general matter, websites and their contents may be proper

subjects for judicial notice"); *Wible v. Aetna Life Ins. Co*., 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005); *Datel Holdings Ltd. v. Microsoft Corp*., 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010).  Further, it is well-settled that courts may take judicial notice of publications as an indication of information in the public realm at the time.  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F. 3d 954, 960 (9th Cir. 2010).[1]

## III.   ARGUMENT

### A.   PLAINTIFF'S FIRST AND THIRD CLAIMS FOR RELIEF FOR TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT AND TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW FAIL TO STATE A CLAIM.

Trademark infringement claims under California law are "substantially congruent" with federal claims and thus lend themselves to the same analysis. *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F. 3d 1088, 1100 (9th Cir. 2004); *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F. 2d 1446, 1457 (9th Cir. 1991); *Century 21 Real Estate Corp. v. Danlin*, 846 F. 2d 1175, 1178 (9th Cir. 1988).  Thus, Plaintiff's First Claim for Relief for Trademark Infringement under the Lanham Act and Plaintiff's Third Claim for Relief for Trade Dress Infringement under California Common Law are subject to the same analysis.  Both Claims for Relief fail because Plaintiff fails to plead the claimed trade dress with specificity, fails to plead facts establishing non-functionality and secondary meaning, and, more importantly, because the claimed design is functional and generic and, therefore, not entitled to legal protection.

### 1.   Plaintiff Fails to Plead the Claimed Trade Dress With Sufficient Specificity.

---

[1] Defendants respectfully request this Court to grant the RJN filed concurrently herewith.

1    As an initial matter, "[a] plaintiff seeking to recover for trade dress
2    infringement under section 43(a) must show that its trade dress is protectable. . . ."
3    *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F. 2d 837, 841 (9th Cir. 1987). In
4    particular, a plaintiff must specifically define the elements that comprise the trade
5    dress.  *Treat, Inc. v. Dessert Beauty*, Case No. 05-923 PK, 2006 U.S. Dist. LEXIS
6    74476 *14, 2006 WL 2812770 (D. Or. May 5, 2006).  "Only then can the court and
7    the parties coherently define exactly what the trade dress consists of and determine
8    whether the trade dress is valid and if what the accused is doing is an
9    infringement."  *Id.* (internal quotation marks and citation omitted).  A plaintiff is
10   required to clearly articulate its claimed trade dress to give a defendant sufficient
11   notice.  *Sleep Sci. Partners v, Lieberman*, Case No. 09-04200 CW, 2010 U.S. Dist.
12   LEXIS 45385, *7, 2010 WL 1881770 (N.D. Cal. May 10, 2010); *Yurman Design,*
13   *Inc. v. PAJ, Inc.*, 262 F. 3d 101, 115 (2d Cir. 2001).

14   Plaintiff, here, has not clearly articulated its claimed trade dress.  The
15   Complaint alleges the claimed trade dress with only the general and amorphous
16   description of: "Classic suede boot styling made famous by the UGG® brand."
17   [Complaint, ¶21].  This description is impermissibly vague and provides no
18   description of what the claimed article looks like.  What is "classic suede boot
19   styling"?  Such imprecise and flimsy statements are exactly the kinds of
20   insufficient allegations that courts examining trade dress infringement claims
21   routinely reject and dismiss.  *See Landscape Forms, Inc. v. Columbia Cascade Co*.,
22   113 F. 3d 373, 381 (2d Cir. 1997) (holding that "focus on the overall look of a
23   product does not permit a plaintiff to dispense with an articulation of the specific
24   elements which comprise its distinct dress"); *Walker & Zanger, Inc. v. Paragon,*
25   *Indus*., 549 F. Supp. 2d 1168, 1175-1176 (N.D. Cal. 2007) (holding plaintiff's trade
26   dress allegations of 'rustic look,' 'weathered look,' 'architectural character' and
27   'Old World' fail to provide adequate notice); *Homeland Housewares, LLC v. Euro-*
28   *Pro Operating LLC,* Case No. CV 14-03954 DDP (MANx), 2014 U.S. Dist.

-5-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
DEFENDANTS FORTUNE DYNAMIC, INC. and CAROL LEE TO DISMISS COMPLAINT**

1  LEXIS 156675, *9, 113 USPQ 2d (BNA) 1255 (C.D. Cal. Nov. 5, 2014).

2       Indeed, it is well settled that the level of generality at which a trade dress is

3  described indicates that that dress is "no more than a concept or idea to be applied

4  to particular products" and is nothing but generic.  *Walker & Zanger, supra*, 549 F.

5  Supp. 2d at 1174; *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F. 3d 27,

6  33 (2d Cir. 1995).

7       Moreover, the other elements that Plaintiff claims – overlapping front and

8  rear panels on the lateral side of the shaft, curved top edges, exposed fleece-type

9  lining, and buttons [Complaint, ¶21] – are not only functional, but common and

10  generic elements of boots, as set forth more fully below.  The Complaint has not

11  described anything that can be discerned as a unique and *source identifying*

12  combination of elements capable of trade dress protection.

13       Plaintiff's First and Third Claims for Relief must be dismissed for failing to

14  allege what the purported design for which it claims protection even is.  *Homeland*

15  *Housewares, supra,* 2014 U.S. Dist. LEXIS 156675, *7-9.

16       2.   <u>The Complaint Fails to Plead Facts Establishing Non-</u>

17  <u>Functionality.</u>

18       A claim for infringement of trade dress requires a plaintiff to prove three

19  elements: (1) plaintiff must allege that the claimed trade dress is non-functional;

20  (2) plaintiff must allege that the claimed trade dress has secondary meaning; (3)

21  plaintiff must allege that there is a likelihood of confusion.  *Int'l Jensen, Inc. v.*

22  *Metrosound U.S.A., Inc.*, 4 F. 3d 819, 823 (9th Cir. 1993); *Kendall-Jackson Winery*

23  *Ltd v E & J Gallo Winery*, 150 F. 3d 1042, 1046-47 (9th Cir 1998); *Wal-Mart*

24  *Stores v. Samara Bros.*, 529 U.S. 205, 216 (2000).

25       Plaintiff bears the burden of proving non-functionality; and there is a

26  statutory presumption that features are deemed functional until proven otherwise

27  by the party seeking trade dress protection.  15 U.S.C. §1125(a)(3); *Secalt S.A. v.*

28  *Wuxi Shenxi Constr. Mach. Co.*, 668 F. 3d 677, 683 (9th Cir. 2012).  Failure to

-6-

1    plead non-functionality is fatal to a trade dress claim.  *Traffix Devices, Inc. v.*
2    *Marketing Displays, Inc.*, 532 U.S. 23, 30 (2000).

3        Here, Plaintiff fails to state facts sufficient to state a claim because Plaintiff
4    fails to allege the non-functionality of the claimed design (which in any event
5    Plaintiff cannot allege because, as set forth more fully below, the elements and
6    design for which Plaintiff claims protection are functional).  The only allegation
7    Plaintiff makes regarding the element of non-functionality is the short conclusory
8    statement that the trade dress consists of "the following non-functional elements."
9    [Complaint, ¶21.]  Such conclusory statements not only fail the *Iqbal/Twombly*
10   requirement that pleadings must include factual allegations to support the legal
11   claims asserted, but such one-liners are precisely the kinds of insufficient
12   allegations regarding non-functionality that courts examining trade dress
13   infringement claims routinely reject and dismiss.  *See, Glassbaby, LLC v. Provide*
14   *Gifts, Inc.*, Case No. C11-380 MJP, 2011 U.S. Dist. LEXIS 60306, *5, 100 USPQ
15   2d (BNA) 1547, 2011 WL 2218583 (W.D. Wash. Jun. 6, 2011) ("Plaintiff must
16   plead with at least some detail what the purported design is and how it is non-
17   functional."); *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods*,
18   Inc., Case No. 12 Civ. 3599 (RWS), 2012 U.S. Dist. LEXIS 110974, *16-17, 106
19   USPQ 2d (BNA) 1756, 2012 WL 3240442 (S.D. NY 2012); *DO Denim, LLC v.*
20   *Fried Denim, Inc.*, 634 F. Supp. 2d 403, 408 (S.D. NY 2009).

21       Thus, in *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods*,
22   *Inc.*, the court found the allegations insufficient to establish non-functionality and
23   dismissed the trade dress infringement claim when the plaintiff alleged only ". . .
24   Defendant . . . has diluted the Urban Rebounder's unregistered, non-functioning
25   and famous overall design and coloration by tarnishment."  2012 U.S. Dist. LEXIS
26   110974, *16-17.

27       Likewise, in *DO Denim, LLC v. Fried Denim, Inc*., the court dismissed
28   Plaintiff's trade dress infringement claim, stating that "[t]he Amended Complaint

1  includes a conclusory assertion that the [product] is 'unique and nonfunctional,'

2  but proffers no factual allegations demonstrating that the design is not aesthetically

3  or otherwise functional." 634 F. Supp. 2d at 408.

4      That Plaintiff, here, may have obtained a design patent does not save its

5  insufficient pleadings.  As the Ninth Circuit aptly points out, "Courts have

6  uniformly held that a design patent, without more, is insufficient to prove that a

7  design is nonfunctional." *Secalt, supra,* 668 F. 3d at 685.

8      Therefore, since the Complaint contains only conclusory statements that the

9  trade dress is "non-functional," without proffering the required factual allegations

10  to support such conclusion, it fails to sufficiently state all the required elements;

11  and, for this reason, the First and Third Claims for Relief must be dismissed.

12         3.    **Plaintiff Fails to Plead Facts Establishing That the Claimed**
13             **Design Has Acquired Secondary Meaning.**

14      Product design trade dress can never be classified as "inherently distinctive."

15  *Wal-Mart Stores v. Samara Bros*., *supra,* 529 U.S. at 216.  A plaintiff asserting

16  infringement of unregistered product design trade dress under Lanham Act §43(a)

17  must always prove that the design has acquired secondary meaning in the

18  marketplace.  1 *McCarthy on Trademarks and Unfair Competition* § 8:8 (4th ed.),

19  *citing Wal-Mart, supra,* 529 U.S. at 216.

20      Secondary meaning is the "mental association by a substantial segment of

21  consumers and potential customers between the alleged trade dress and a single

22  source of the product."  *Levi Strauss & Co. v. Blue Bell, Inc.,* 778 F. 2d 1352, 1354

23  (9th Cir.1985). A non-exhaustive list of factors considered in determining whether

24  a secondary meaning has been achieved includes: (1) direct consumer testimony or

25  consumer perception; (2) exclusivity, manner, and length of use; (3) amount and

26  manner of advertising; (4) amount of sales and number of customers; (5)

27  established place in the market; (6) actual confusion; and (7) proof of intentional

28  copying by the defendant.  *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns,*

1  | *Inc.*, 198 F. 3d 1143, 1152 (9th Cir. 1999).

2  |       Plaintiff's Complaint contains no allegations that a substantial segment of

3  | consumers and potential customers make a mental association between the claimed

4  | design and Plaintiff.  Plaintiff merely makes the conclusory statement that the

5  | claimed design has achieved a "high degree of consumer recognition and

6  | secondary meaning," with no facts to support such a conclusion.  [Complaint, ¶22.]

7  | Indeed, the Complaint does not allege at all that the claimed design serves to

8  | identify Plaintiff as the source *of those particular goods*.  What the Complaint

9  | alleges is only that Plaintiff's Bailey Button Boot somehow serves to identify

10 | Plaintiff as a "source of high-quality goods."  [Complaint, ¶22.]  That consumers

11 | may view Plaintiff's shoes and then somehow think that Plaintiff produces high-

12 | quality goods is far from establishing that whenever consumers view the claimed

13 | design they think of Plaintiff as the source of that particular design, which is what

14 | must be shown to establish secondary meaning.

15 |       Moreover, Plaintiff's Complaint fails to include factual allegations sufficient

16 | to satisfy the *Iqbal/Twombly* standard to establish the above list of factors

17 | considered in determining whether a secondary meaning has been achieved.  The

18 | Complaint merely contains "threadbare recitals" of the list of factors, which do not

19 | suffice under *Iqbal/Twombly*.

20 |       In any event, no amount of allegations or evidence of secondary meaning

21 | will create any trade dress rights in Plaintiff because, as set forth below, the

22 | claimed design is functional and generic.[2]  *TrafFix, supra*, 532 U.S. at 33; *Yurman,*

23 |

24 |

25 | [2] Tellingly, there are no allegations in the Complaint as to "exclusive" use, which

26 | is one of the factors considered in determining whether a design has acquired

27 | secondary meaning.  The Complaint only alleges "*long* use." [Complaint, ¶25

28 | (italics added).]  That is because, as set forth below, numerous manufacturers and

sellers produce and sell boots in the claimed design; and the elements in the

(footnote continued)

-9-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
DEFENDANTS FORTUNE DYNAMIC, INC. and CAROL LEE TO DISMISS COMPLAINT

1    *supra*, 262 F. 3d at 115; *Jeffrey Milstein, Inc., supra*, 58 F. 3d at 32; *Indonesian*

2    *Imports, Inc. v. Old Navy, Inc.*, Case No. C98-2401 FMS, 1999 U.S. Dist. LEXIS

3    3975, *21, 1999 WL 179680 (N.D. Cal. 1999).

4            **4.    Plaintiff's Claimed Design Is Not Legally Protectable**
               **Because It Is Functional and Generic.**

5
                     *a)    The Elements and the Configuration of Plaintiff's*
6                           *Claimed Design Are Functional and Not Protectable.*

7            It is well-settled that trade dress protection may not be claimed for product

8    features that are functional. *TrafFix, supra*, 532 U.S. at 29. "[F]or functional

9    items 'no amount of evidence of secondary meaning or actual confusion will create

10   a right to exclude.'" 1 *McCarthy on Trademarks and Unfair Competition* §7:63

11   (1996). As the Supreme Court stated, once a feature is determined to be

12   functional, then "secondary meaning is ***irrelevant*** because there can be no trade

13   dress protection in any event." *TrafFix, supra*, 532 U.S. at 33 (emphasis added).

14           "[A] product feature is functional, and cannot serve as a trademark, if it is

15   essential to the use or purpose of the article or if it affects the cost or quality of the

16   article." *TrafFix, supra*, 532 U.S. at 32.

17           Here, the overlapping front and rear panels on the lateral side of the boot

18   shaft, the curved top edges on the overlapping panels, the exposed fleece-type

19   lining edging the overlapping panels and top of the boot shaft, and the buttons –

20   which Plaintiff claims are part of the design of the claimed trade dress – are all

21   clearly functional features.

22           The overlapping front and rear panels on the lateral side of the boot shaft

23   allow the boot leg to be opened wide to allow the foot and leg to slide into and out

24   of the boot with more ease. If the overlapping panels were sewn shut, then perhaps

25   _____

26

27   claimed design are elements that are ubiquitous in not only the shearling boot
     market, but in the boot market in general.

28

Plaintiff may have a more credible argument that the overlap design is non-functional.  Here, however, the overlapping panels are operable – clearly serving the functional purpose of allowing the boot leg to be opened wide to allow the foot and leg to slide into and out of the boot with more ease.  Indeed, the functionality and operability of the overlapping panels is made evident by the fact that the boot shaft includes buttons to secure the overlapping panels.  Further, the panels overlap – rather than merely meet at the edges – so that the shaft fully encloses the leg and stays enclosed around the leg – rather than more easily opening up with movement – when the shaft is up and around the leg.  The buttons on the lateral side of the boot shaft serve the obviously functional purpose of securing or holding closed the panels and ensuring that the shaft remains around the wearer's leg and the boot remains secured on the wearer's foot.  As the Ninth Circuit stated in analyzing functionality, "A product feature need only have *some* utilitarian advantage to be considered functional."  *Disc Golf Ass'n v. Champion Discs*, 158 F. 3d 1002, 1007 (9th Cir. 1998) (italics in original; bold added).   In order to establish nonfunctionality the party with the burden – here, Plaintiff – must demonstrate that the product feature serves *no purpose* other than identification.  *Id.*[3]

Moreover, not only are the elements in Plaintiff's claimed trade dress functional, but the combination of these elements as a whole is also functional.  Nothing about the appearance of Plaintiff's claimed trade dress design for its boot

---

[3] Further, the curved top edges on the overlapping panels serve the functional purpose of providing comfort to the wearer – curved edges limit or prevent poking or scratching.  As well, the exposed fleece-type lining serves a functional purpose – extending the fleece-type lining past the outer material of the upper provides comfort, by limiting or preventing the wearer's leg from being scratched or rubbed by the outer material of the boot shaft, and by providing additional warmth to the wearer.  As set forth above, "[a] product feature need only have *some* utilitarian advantage to be considered functional."  *Disc Golf, supra*, 158 F. 3d at 1007 (italics in original; bold added).

exists for any nonfunctional purpose.  The individual functional elements of the boot design are combined in the only functional way they can be combined.  Just as the Ninth Circuit stated in *Leatherman Tool Grp. v. Cooper Indus.*, 199 F. 3d 1009, 1012 (9th Cir. 1999), here, "the whole is nothing other than the assemblage of functional parts, and where even the arrangement and combination of the parts is designed to result in superior performance, it is semantic trickery to say that there is still some sort of separate 'overall appearance' which is non-functional." 199 F. 3d at 1012.  Or, as the Ninth Circuit stated in *Secalt*, the form of Plaintiff's boot design "follows its function," making the claimed trade dress "a classic example of 'de jure' functionality."[4]  *Secalt, supra,* 668 F. 3d at 687.  Plaintiff, thus, may not claim trade dress protection in the claimed design.

A feature or dress is also functional if the right to use it exclusively would put competitors at a significant non-reputation-related disadvantage.  *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995); *TrafFix, supra*, 532 U.S. at 32-33.  "Thus, the nonfunctionality requirement protects competition even at the cost of potential consumer confusion."  *Yurman, supra*, 262 F. 3d at 116.  Courts have emphasized that the "test of nonfunctionality in trade dress claims that are based on product design is even more critical than in trade dress claims based on packaging, because a monopoly right in the design of the product itself is more likely to preclude competition;" and "'rigorous application' of the requirement of nonfunctionality is necessary 'to avoid undermining the carefully circumscribed statutory regimes for the protection of useful and ornamental designs under federal patent and copyright law.'"  *Yurman, supra*, 262 F. 3d at 116; *See also, Walker &*

---

[4] "De jure" functionality means that the "product is in its particular shape because it works better in this shape."  *Secalt, supra*, 668 F. 3d at 683.  "[B]efore an overall product configuration can be recognized as a trademark, the entire design must be arbitrary or non de jure functional."  *Id.*

1  *Zanger, supra*, 549 F. Supp. 2d at 1174.

2      Because granting protection to the features claimed by Plaintiff would
3  eliminate competition in a longstanding product category, such as the shoes at
4  issue here, Plaintiff is unable as a matter of law to defeat a finding of functionality.
5  *See, e.g., Henri Bendel, Inc. v. Sears, Roebuck and Co.*, 25 F. Supp. 2d 198, 202
6  (S.D. NY 1998) (summary judgment against claimed trade dress in functional
7  handbag design comprised of common product features); *Ludwig Breit*
8  *Wiesenthalhuette GMBH v. Fada Indus., Inc.*, Case No. 83 Civ. 7275-CLB, 1984
9  U.S. Dist. LEXIS 19050, *5-6, 223 U.S.P.Q. (BNA) 386 (S.D. NY Feb. 29, 1984).
10  Granting protection to the commonly used and functional features that Plaintiff
11  claims here would deprive competitors of alternative designs and, thus, foreclose
12  competition from the relevant market.  *Qualitex, supra*, 514 U.S. at 165; *TrafFix,*
13  *supra*, 532 U.S. at 32-33.

14      Indeed, it has been stated that the non-functionality element overlaps with
15  the distinctiveness element, i.e., trade dress which combines elements that make it
16  functional as a whole – as Plaintiff is doing here – "should be regarded as
17  unprotectable or 'generic.'"  *Jeffrey Milstein, supra,* 58 F. 3d at 32; *see also*
18  *Yurman, supra*, 262 F. 3d at 116, fn 5 ("The nonfunctionality requirement
19  substantially overlaps with the prohibition on overbroad [i.e., generic] marks").
20  Accordingly, Plaintiff cannot claim a protectable right in the design at issue here
21  not only because – as set forth above – it claims rights in features and
22  configuration that are functional, but also because – as set forth below – the
23  elements and configuration for which Plaintiff claims protection are generic and
24  unprotectable.

25             ***b)    Plaintiff's Claimed Design is Generic.***

26      It is axiomatic that generic trade dress receives no protection.  *Two Pesos v.*
27  *Taco Cabana,* 505 U.S. 763, 768 (1992).  Just like with functional elements or
28  configurations, even a showing of secondary meaning "is insufficient to protect

-13-

product designs that are overbroad or generic." *Indonesian Imports, Inc. v. Old Navy, Inc.*, *supra*, 1999 U.S. Dist. LEXIS 3975, *21; *Yurman, supra*, 262 F. 3d at 115; *Jeffrey Milstein, Inc*., supra, 58 F. 3d at 32.  A product design or trade dress composed entirely of "commonly used or functional elements" is "unprotectible or 'generic.'"  *Walker & Zanger, supra,* 549 F. Supp. 2d at 1174; *Yurman, supra*, 262 F. 3d at 118; *Jeffrey Milstein, supra*, 58 F. 3d at 32; *Luv N' Care Ltd. v. Regent Baby Prods. Corp.,* 986 F. Supp. 2d 400, 406 (S.D. NY 2013); *see also Mana Products, Inc. v. Columbia Cosmetics Mfg., Inc.*, 65 F. 3d 1063, 1069-70 (2d Cir. 1995) ("where it is the custom in a particular industry to package products in a similar manner, a trade dress done in that style is likely to be generic").  Common shapes or designs are always unprotectable.  *See, Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F. 3d 993, 1000 (2d Cir. 1997) ("A trade dress that consists of the shape of a product that conforms to a well-established industry custom is generic and hence unprotected").

Plaintiff's claimed elements of overlapping front and rear panels on the lateral side of the boot shaft, curved top edges on the overlapping panels, exposed fleece-type lining edging the overlapping panels and top of the boot shaft, and buttons refer merely to not only functional, but commonly used elements frequently used in the shoe industry.  Accordingly, Plaintiff seeks protection for nothing more than the basic design or general configuration of a shearling boot.  These elements and configurations of elements are ubiquitous in the shearling boot market.  Indeed, these elements are ubiquitous in the general boot market.  Thus, as can be seen in **Exhibits 1 through 17** attached to the RJN, many other manufacturers and sellers produce and sell shearling boots comprising the elements claimed by Plaintiff.  Moreover, as can be seen in **Exhibits 18 through 26** attached to the RJN, the elements claimed by Plaintiff are commonly used in boots

1  in general.  These matters, of which the court may properly take judicial notice and

2  consider in ruling on FRCP 12(b)(6) motion[5], show that the generic design Plaintiff

3  claims is ubiquitous and has saturated the market for years.

4  Indeed, extensive third party usage can even cause a design, which at one

5  time may have been distinctive, to become generic.  *BellSouth Corp. v.*

6  *DataNational Corp.*, 60 F. 3d 1565, 1570 (Fed. Cir. 1995) ("While the "Walking

7  Fingers" logo may once have been a strong candidate for trademark protection,

8  through common usage by virtually all classified directory publishers it can no

9  longer be understood to represent a source of the directories."); *Kendall-Jackson*

10  *Winery, Ltd. v. E. & J. Gallo Winery*, 150 F. 3d 1042, 1049 (9th Cir. 1998)

11  ("because wine bottlers other than Kendall-Jackson have long used grape leaves to

12  decorate their labels, that emblem has become generic"); *Murphy Door Bed Co. v.*

13  *Interior Sleep Systems, Inc.*, 874 F. 2d 95, 100 (2d Cir. 1989).

14  Plaintiff's claimed trade dress is simply too basic and generic to warrant

15  trade dress protection.  The elements are common elements in the shoe market; the

16  individual functional elements of the shoe design are simply combined "in the only

17  functional way they can be combined;" and the design is thus common and

18  generic.  *Walker & Zanger, supra,* 549 F. Supp. 2d at 1174.  Granting trade dress

19  protection to an ordinary product design such as the design Plaintiff claims "would

20  create a monopoly in the goods themselves."  *Landscape Forms, supra*, 113 F. 3d

21  at 380.  "The level of generality at which a trade dress is described, as well as the

22  fact that a similar trade dress is already being used by manufacturers of other kinds

23  of products, may indicate that that dress is no more than a concept or idea to be

24  _____

25  [5] Fed. R. Ev. 201(b); *Caldwell, supra*, 2006 U.S. Dist. LEXIS 13688, *10-12;

26  *Wibble, supra*, 375 F. Supp. 2d at 965; *Datel, supra*, 712 F. Supp. 2d at 985; *Von*

27  *Saher*, *supra,* 592 F. 3d at 960; see also Defendants' RJN, filed concurrently
herewith.

28

1  applied to particular products." *Jeffrey Milstein*, 58 F. 3d at 33; *See also*, *Walker*
2  *& Zanger, supra,* 549 F. Supp. 2d at 1174.

3      Further, Plaintiff's claim of a trade dress in the general and amorphous
4  description of "Classic suede boot styling" [Complaint, ¶21] indicates that the
5  trade dress it claims is generic. *Walker & Zanger, supra,* 549 F. Supp. 2d at 1174
6  ("Cases addressing product design suggest that the term "genericness" covers . . .
7  [the situation where] the definition of a product design is overbroad or too
8  generalized. . .").

9      Plaintiff has no protectable rights; and its First and Third Claims for Relief
10  for trade dress infringement must be dismissed.

11      **B.**   **PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR PATENT**
12          **INFRINGEMENT FAILS TO STATE A CLAIM.**

13         **1.**   **<u>Defendants Are Not Liable For Patent Infringement</u>**
14            **<u>Because Plaintiff's Design Patent Is Invalid On the Ground</u>**
          **<u>That the Design Is Functional.</u>**

15      If a patented design is primarily functional, rather than primarily ornamental,
16  the design patent is invalid. *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F. 2d
17  234, 238 (Fed. Cir. 1986); *Best Lock Corp. v. Ilco Unican Corp.*, 94 F. 3d 1563,
18  1565 (Fed. Cir. 1996).

19      A design is functional when it is dictated by the use or purpose of the article
20  of manufacture in which it is embodied. *Best Lock Corp.*, 94 F. 3d at 1566 ("The
21  parties do not dispute that the key blade must be designed as shown in order to
22  perform its intended function. . . Any aesthetic appeal of the key blade design . . .
23  is the inevitable result of having a shape that is dictated solely by functional
24  concerns."); *Chrysler Motors Corp. v. Auto Body Panels of Ohio*, 719 F. Supp.
25  622, 624-625 (S.D. Ohio 1989) (Evidence demonstrated truck fender designed
26  according to functional and performance considerations, as opposed to aesthetic or
27  ornamental considerations; fender design held ineligible for design patent
28  protection).

1    As set forth above, the overlapping front and rear panels on the lateral side

2  of the boot shaft, the curved top edges on the overlapping panels, and the exposed

3  fleece-type lining edging the overlapping panels and top of the boot shaft – which

4  Plaintiff claims are part of the design of the claimed trade dress – are all clearly

5  functional features. [6]   The overlapping front and rear panels on the lateral side of

6  the boot shaft allow the boot leg to be opened wide to allow the foot and leg to

7  slide into and out of the boot with more ease.  If the overlapping panels were sewn

8  shut, then perhaps Plaintiff may have a more credible argument that the overlap

9  design is merely ornamental.  Here, however, the overlapping panels are operable –

10  clearly serving the functional purpose of allowing the boot leg to be opened wide

11  to allow the foot and leg to slide into and out of the boot with more ease.  Indeed,

12  the functionality and operability of the overlapping panels is made evident by the

13  fact that the boot shaft includes buttons (which, tellingly, are not part of the design

14  patent, because buttons are obviously functional) to secure the overlapping panels.

15  Further, the panels overlap – rather than merely meet at the edges – so that the

16  shaft fully encloses the leg and stays enclosed around the leg – rather than more

17  easily opening up with movement – when the shaft is up and around the leg.  In

18  addition, the curved top edges on the overlapping panels serve the functional

19  purpose of providing comfort to the wearer.  As well, the exposed fleece-type

20  lining provides additional comfort, by limiting or preventing the wearer's leg from

21  being scratched or rubbed by the outer material of the boot shaft, and by providing

22  additional warmth to the wearer.

23    More importantly, not only are the elements in Plaintiff's claimed trade

24  dress functional, but the *combination* of these elements as a whole – leading to the

---

[6] It should be noted that Plaintiff's design patent includes only the shaft portion of the boot, not the part covering the foot; and in the shaft portion of the boot, the design patent excludes the buttons.  [Exhibit 1 to Complaint.]

1  design of plaintiff's boot and the way the boot is configured and looks – is also

2  functional.  Nothing about the appearance of Plaintiff's claimed trade dress design

3  for its boot exists for any nonfunctional purpose.   The individual functional

4  elements of the boot design are combined in the only functional way they can be

5  combined.  Plaintiff's design patent is, therefore, invalid; and Defendants cannot

6  be liable for patent infringement.  *Bliss v. Gotham Industries, Inc.*, 316 F. 2d 848,

7  851 (9th Cir. 1963).  How and why the patent ever issued in the first instance given

8  the design's clear functionality is hard to fathom.

9  That Plaintiff may have obtained a design patent does not save its claim.

10  "While the issuance of the patent entitles it to a presumption of validity, this

11  presumption is rebuttable."  *Bliss v. Gotham Industries, Inc.*, supra, 316 F. 2d at

12  850.  It is obvious and common knowledge that the features Plaintiff claims and

13  their particular configuration are functional; and such obvious common knowledge

14  may be called upon by this Court to find that plaintiff's claimed design is

15  functional and not patentable.  *In re Carletti*, 328 F. 2d 1020, 1021-1022 (U.S. Ct.

16  Cust. and Pat. App. 1964) ("The Examiner's rejection of the appealed claim as

17  being unpatentable over the reference is sustained. . . . Common sense and but a

18  slight familiarity with the requirements of gaskets both point to the obvious

19  functionality of the groove and ribs on the gasket.").  *Honeywell Int'l, Inc. v. ICM

20  Controls Corp.*, Case No. 11-569 (JNE/TNL), 2014 U.S. Dist. LEXIS 119466,

21  *59-61 (D. Minn. Aug. 27, 2014) ("Moreover, common experience confirms the

22  functionality of many of the elements that make up Honeywell's claimed trade

23  dress. . . . Common sense also suggests manufacturing, storage, and transportation

24  efficiencies of simple shapes, such as a generally rectangular shape for the overall

25  product or for a round button.")

26  Once invalidity is established, it is unnecessary to consider the question of

27  infringement.  *Bliss v. Gotham Industries, Inc., supra,* 316 F. 2d at 851.  Therefore,

28  Plaintiff's Second Claim for Relief for patent infringement must be dismissed.

1    **2.    Plaintiff's Complaint Fails to Sufficiently Allege A Claim For Willful Patent Infringement.**

2

3    Plaintiff's Second Claim for Relief is a claim for willful patent infringement,

4    as shown by the allegations in ¶41 of the Complaint, in which Plaintiff alleges that

5    Defendants' acts "constitute willful acts and intentional infringement of the '999

6    patent." [Complaint, ¶41.]

7    Plaintiff's claim for willful patent infringement fails, however, for the

8    additional reason that the Complaint fails to plead sufficient factual allegations to

9    support a claim for willful infringement. The Second Claim for Relief, therefore,

10   must be dismissed.

11   "California federal courts have taken the view that a plaintiff must plead

12   presuit [sic] knowledge in order to adequately plead willful infringement."

13   *Deckers Outdoor Corp. v. J.C. Penney Co.*, Case No 2:14-cv-02565-ODW

14   (MANx), 2014 U.S. Dist. LEXIS 126299, *11, 112 USPQ 2d (BNA) 1803 (C.D.

15   Cal. Sep. 8, 2014), *citing MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d

16   1020 (C.D. Cal. 2014); *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*,

17   957 F. Supp. 2d 1189, 1196-97 (S.D. Cal. 2013).

18   Plaintiff's Complaint is devoid of any factual allegations to establish that

19   Defendants had pre-suit knowledge.  The Complaint only alleges widespread

20   popularity and recognition of the Bailey Button Boot style and the patent notice

21   provided on the boots, and then conclusorily states that "Defendants had pre-suit

22   knowledge." [Complaint, ¶40.].  The Complaint does not allege facts that establish

23   Defendants were actually aware of the patent in question prior to producing and

24   selling the accused products.

25   These very same insufficient allegations of willful infringement by Plaintiff

26   have already been rejected and dismissed by the Central District of California.  As

27   Judge Otis D. Wright stated, in *Deckers Outdoor Corp. v. J.C. Penney Co.*:

28   Even if the Bailey Button Boots have garnered

1  widespread popularity and are stamped with patent

2  notice, those allegations, standing alone, do not establish

3  that JC Penney actually knew about the '189 and '999

4  Patents. Actual knowledge—not constructive

5  knowledge—is the criterion.

6  2014 U.S. Dist. LEXIS 126299, *12, citing *i4i Ltd. P'ship v. Microsoft Corp.*, 598

7  F. 3d 831, 860 (Fed. Cir. 2010) ("Infringement is willful when the infringer was

8  aware of the asserted patent . . . ."); *Seoul Laser Dieboard Sys., supra,* 957 F.

9  Supp. 2d at 1196-97 (same).

10     As the Central District has already held, Plaintiff's feeble allegations of

11  some sort of "bootstrapped constructive knowledge" is insufficient to support a

12  claim for willful infringement.  *Deckers v. JC Penney, supra,* 2014 U.S. Dist.

13  LEXIS 126299, *12.

14  **C.   PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200 MUST BE DISMISSED BECAUSE DEFENDANTS HAVE COMMITTED NO TRADEMARK OR PATENT INFRINGEMENT AND BECAUSE PLAINTIFF LACKS STANDING TO BRING THE CLAIM.**

15

16

17

18  **1.   <u>Plaintiff's Claims of Infringement Fail; Therefore, the Claim for Violation of Business and Professions Code §17200 Fails.</u>**

19

20     Business and Professions Code §17200 does not proscribe specific activities,

21  but in relevant part broadly prohibits 'any unlawful, unfair or fraudulent business

22  act or practice.' *Aleksick v. 7-Eleven, Inc.*, 205 Cal. App. 4th 1176, 1184 (2012).

23     Plaintiff's claim for violation of §17200 is premised on its infringement

24  claims. [See, Complaint, ¶51.]  The Ninth Circuit "has consistently held that state

25  common law claims of unfair competition and actions pursuant to California

26  Business and Professions Code §17200 are 'substantially congruent' to claims

27  made under the Lanham Act." *Cleary v. News Corp.*, 30 F. 3d 1255, 1263 (9th Cir.

28  1994), citing *Academy of Motion Picture Arts & Sciences, supra*, 944 F. 2d at

-20-

1457; *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1362. (C.D. Cal. 1984).

Because, as set forth above, Plaintiff has failed to state a claim for either trade dress infringement or patent infringement, Plaintiff's claim for violation of §17200 also fails.  *Cleary v. News Corp.*, 30 F. 3d at 1263.

Moreover, the Patent Act preempts unfair competition claims that are not "qualitatively different" from a federal patent infringement claim.  *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc*., 7 F. 3d 1434, 1440 (9th Cir. 1993).  Thus, to the extent Plaintiff's claim is premised on Defendants' alleged patent infringement, it is preempted.  *Medina v. Microsoft Corp*., Case No. C 14-0143 RS, 2014 U.S. Dist. LEXIS 71271, *7-8 (N.D. Cal. May 23, 2014); *Halton Co. v. Streivor, Inc.*, Case No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649, *4, 2010 WL 2077203 (N.D. Cal. May 21, 2010).

Plaintiff has clearly failed to state a claim under §17200.

### 2. <u>Plaintiff's §17200 Claim Fails for the Additional Reason That Plaintiff Lacks Standing.</u>

Plaintiff's Fourth Claim for Relief fails for the additional reason that the Complaint fails to plead facts sufficient to satisfy the strict standing requirement under Business and Professions Code §17200, et seq.

No private party has standing to prosecute an action under §17200, et seq. unless he or she has suffered injury in fact and has lost money or property as a result of the unfair competition.  Cal. Bus. & Prof. Code §17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 210, 321 (2011).  "The plain import of this is that a plaintiff now must demonstrate some form of economic injury."  *Kwikset, supra*, 51 Cal. 4th at 323.

Plaintiff's Complaint fails to sufficiently plead facts to establish an economic injury that was caused by any unfair or unlawful business practice of Defendants.

1    The Complaint's allegations are merely that the alleged "deceptive, unfair,

2  and fraudulent practices . . . have been undertaken with knowledge by Defendants

3  willfully with the intention of causing harm to Deckers and for the calculated

4  purpose of misappropriating Deckers' goodwill and business reputation."

5  [Complaint, ¶52.]  This, however, merely alleges Defendant's alleged intent.  It

6  does not allege any actual injury or harm, or that the intended result actually

7  occurred.

8    Likewise, the Complaint's allegations that "Defendants' use of Deckers'

9  Bailey Button Boot Trade Dress and '999 Patent has deprived Deckers of the right

10  to control the use of its intellectual property" [Complaint, ¶53], is also insufficient.

11  The cases in which courts have found allegations sufficient to satisfy the economic

12  injury requirement include allegations establishing concrete losses of money or

13  property, such as:  claims of lost business, diminished value of law firm, and being

14  required to expend money in the form of increased advertising costs (see e.g., *Law*

15  *Offices of Mathew Higbee v. Expungement Assistance Services*, 214 Cal. App. 4th

16  544, 547 (2013)); claims of lost sales, revenue, market share, and asset value (*see,*

17  *e.g., Allergan, Inc. v. Athena Cosmetics, Inc.*, 640 F. 3d 1377 (Fed.Cir. 2011)).

18    Here, in contrast, Plaintiff alleges merely an amorphous right of control to

19  the use of its intellectual property that was supposedly interfered with, and does

20  not allege any supposed ***resulting economic harm*** that was ***caused by*** any

21  allegedly prohibited act committed by Defendants.  The Complaint makes no

22  allegations that Plaintiff has lost business because of Defendants' actions.  The

23  Complaint's allegations are insufficient to establish the economic injury that

24  confers standing under Section 17204.  In any event, Plaintiff cannot establish this

25  because, as set forth above, Plaintiff's infringement claims fail and Plaintiff has

26  failed to establish any prohibited act on which its §17200 claim can be premised.

27    Plaintiff's Fourth Claim for Relief must, therefore, be dismissed.

28

### D. BECAUSE PLAINTIFFF HAS FAILED TO STATE A CLAIM FOR TRADE DRESS OR PATENT INFRINGEMENT, THE FIFTH CLAIM FOR RELIEF FOR UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW FAILS TO STATE A CLAIM.

Like the Fourth Claim for Relief, because the Fifth Claim for Relief for unfair competition under California common law is premised on Plaintiff's trade dress and patent infringement claims, and because Plaintiff has failed to state a claim for either trade dress infringement or patent infringement, Plaintiff's claim for unfair competition under California common law also fails. *Cleary v. News Corp.*, *supra,* 30 F. 3d at 1263.

Moreover, as set forth above, the Patent Act preempts unfair competition claims that are not "qualitatively different" from a federal patent infringement claim. *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F. 3d 1434, 1440 (9th Cir. 1993). Thus, to the extent Plaintiff's claim is premised on Defendants' alleged patent infringement, it is preempted. *Medina v. Microsoft Corp.*, *supra,* 2014 U.S. Dist. LEXIS 71271, *7-8; *Halton Co. v. Streivor, Inc.*, supra, 2010 U.S. Dist. LEXIS 50649 *4.

Indeed, these very same allegations by Plaintiff have already been rejected and dismissed by the Central District of California. In *Deckers Outdoor Corp. v. J.C. Penney Co.*, Judge Otis D. Wright dismissed Plaintiff's unfair competition claim under California common law on the ground of pre-emption. As Judge Wright held:

> Since Deckers has failed to point out any element of its UCL claim not shared by its federal ones, federal law preempts it.

*Deckers Outdoor Corp. v. J.C. Penney Co.*, supra, 2014 U.S. Dist. LEXIS 126299, *16.

Plaintiff's Fifth Claim for Relief, therefore, must be dismissed.

### E. PLAINTIFF FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST DEFENDANT CAROL LEE BECAUSE THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL LIABILITY.

The Complaint fails to allege any facts to establish personal liability against Defendant Carol Lee. Defendant Fortune is a corporation – a legally separate entity, liable for its own actions – and is alleged to be the entity that sells the accused product. Thus, the Complaint alleges that "Fortune Dynamic manufactures, designs, advertises, markets, distributes, offers for sale, and/or sells footwear for men, women and children. Fortune Dynamic offers footwear wholesale to retailers across the country, including within this judicial district under the brand name SODA." [Complaint, ¶13.]

While a corporate officer or director may be held personally liable for acts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation,[7] a plaintiff must plead and prove facts to establish that the corporate officer authorized, directed, or participated in the acts. *Bangkok*, *supra*, 742 F. Supp. 2d at 1114; *Davis v. Metro Prods., Inc*., 885 F. 2d 515, 524, fn 10 (9th Cir. 1989).

Plaintiff's Complaint, here, contains nothing but the conclusory and general statements that: Carol Lee is "an owner, officer, and/or managing agent" [Complaint, ¶6] and "is the active, moving, conscious force behind the infringing activities alleged" [Complaint, ¶14]. These allegations are mere conclusions, and contain no *factual* allegations. Plaintiff does nothing more than recite the general elements of establishing personal liability of a corporate officer, without proffering

---

[7] *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1114 (C.D. Cal. 2010), citing *The Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F. 3d 814, 823 (9th Cir. 1996); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985).

1   any facts to support such conclusory allegations.  Such threadbare pleadings are

2   insufficient to satisfy the *Iqbal/Twombly* standard of pleading.  *Ashcroft v. Iqbal*,

3   556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.  Under this

4   standard, although a court must accept as true all of the factual allegations

5   contained in a complaint, that tenet does not apply to legal conclusions.  *Id.*

6   Pleadings must include ***factual*** allegations to support the legal claims asserted.

7   *Ashcroft v. Iqbal*, 556 U.S. at 679.

8        Plaintiff's claims against Defendant Carol Lee are insufficient and must be

9   dismissed.

10  **IV.   <u>CONCLUSION</u>**

11       For the foregoing reasons, Defendants respectfully request this Court to

12  grant this Motion and dismiss all the Claims for Relief in Plaintiff's Complaint

13  without leave to amend.

14

15  Dated: April 1, 2015                    HFL LAW GROUP, LLP

16

17                                          By: _____/s/_____
                                                James C. Fedalen
18                                          *Attorneys for Defendants* FORTUNE
                                            DYNAMIC, INC, and CAROL LEE

19

20

21

22

23

24

25

26

27

28