James C. Fedalen (State Bar No. 89184)
jfedalen@hfl-lawyers.com
HFL LAW GROUP, LLP
16633 Ventura Boulevard, Suite 1425
Encino, California 91436
Telephone: (818) 377-9000
Facsimile: (818) 377-9001

*Attorneys for Defendants* FORTUNE DYNAMIC, INC. and CAROL LEE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DECKERS OUTDOOR CORPORATION, a Delaware Corporation,

Plaintiff,

v.

FORTUNE DYNAMIC, INC., a California Corporation; CAROL LEE, an individual; and DOES 1-10, inclusive

Defendants.

CASE NO.: 2:15-cv-00769 PSG (SSx)

Complaint Filed: February 3, 2015

**REPLY IN SUPPORT OF MOTION OF DEFENDANTS FORTUNE DYNAMIC, INC. and CAROL LEE TO DISMISS COMPLAINT**

[Filed concurrently herewith: Response to Plaintiff's Objections to Defendants' Request For Judicial Notice]

[FRCP 12(b)(6)]

Hearing Date: Monday, May 11, 2015
Hearing Time: 1:30 p.m.
Courtroom: 880
Edward R. Roybal Federal Building and United States Courthouse

Judge: Hon. Philip S. Gutierrez

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. THE CLAIMED TRADE DRESS IS NOT PLED WITH SUFFICIENT SPECIFICITY .......... 1

III. THE COMPLAINT FAILS TO PLEAD FACTS ESTABLISHING NON-FUNCTIONALITY .......... 3

IV. THERE ARE NO FACTS ESTABLISHING SECONDARY MEANING .......... 5

V. THE ALLEGATIONS OF THE COMPLAINT, AS WELL AS MATTERS WHICH THE COURT MAY PROPERLY CONSIDER, DISCLOSE THAT THE TRADE DRESS AND PATENT INFRINGEMENT CLAIMS ARE SUBJECT TO THE AFFIRMATIVE DEFENSES OF FUNCTIONALITY AND GENERICNESS .......... 5

VI. PLAINTIFF'S COMPLAINT FAILS TO SUFFICIENTLY ALLEGE A CLAIM FOR WILLFUL PATENT INFRINGEMENT .......... 9

VII. THE FOURTH AND FIFTH CLAIMS FOR RELIEF MUST BE DISMISSED BECAUSE DEFENDANTS HAVE COMMITTED NO TRADEMARK OR PATENT INFRINGEMENT .......... 10

VIII. THE §17200 CLAIM FAILS FOR THE ADDITIONAL REASON THAT PLAINTIFF LACKS STANDING .......... 11

IX. THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL LIABILITY AGAINST DEFENDANT LEE .......... 12

X. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## CASES

*Allergan, Inc. v. Athena Cosmetics, Inc.* 640 F. 3d 1377 (Fed.Cir. 2011) ........................................... 11

*Ashcroft v. Iqbal* 556 U.S. 662 (2009) ........................................................ 3, 12

*Bangkok Broad. & T.V. Co. v. IPTV Corp.* 742 F. Supp. 2d 1101 (C.D. Cal. 2010) ........................................ 12

*Bell Atlantic Corp. v. Twombly* 550 U.S. 544 (2007) ........................................................ 3, 12

*Brian Lichtenberg, LLC v. Alex & Chloe, Inc.,* Case No. CV 13-06837 DDP (PJWx), 2014 US Dist. LEXIS 18607, 2014 WL 585436 (C.D. Cal. Feb 13, 2014) ................................... 4

*BriteSmile, Inc. v. Discus Dental, Inc.,* 2005 WL 3096275, 2005 U.S. Dist. LEXIS 30855 (N.D. Cal., Nov. 18, 2005) ............................................ 10, 11

*Caldwell v. Caldwell* Case No. C 05-4166 PJH, 2006 U.S. Dist. LEXIS 13688, 2006 WL 618511 (N. D. Cal. Mar. 13, 2006) ................................. 8

*CES Publ'g Corp. v. St. Regis, Publ'ns, Inc.,* 531 F. 2d 11 (2d Cir. 1975) ............................................... 1, 6

*Cleary v. News Corp.* 30 F. 3d 1255 (9th Cir. 1994) .................................................. 10

*Coto Settlement v. Eisenberg* 593 F. 3d 1031 (9th Cir. 2010) ............................................ 8

*Davis v. Metro Prods., Inc.* 885 F. 2d 515 (9th Cir. 1989) ............................................... 12

*Deckers Outdoor Corp. v. J.C. Penney Co.* 45 F. Supp. 3d 1181 (C.D. Cal. 2014) ................................ 9, 10

*Dimension One Spas, Inc. v. Coverplay, Inc.,* 2008 WL 4165034, 2008 U.S. Dist. LEXIS 69526 (S.D. Cal. Sep. 5, 2008) ........................................... 10, 11

*DO Denim, LLC v. Fried Denim, Inc.* 634 F. Supp. 2d 403 (S.D. NY 2009) ...................................... 3

*Finger Furniture Co, Inc. v. Mattress Firm, Inc.,* Case No. H-05-0299, 2005 U.S. Dist. LEXIS 18648, 2005 WL 1606934, 75 U.S.P.Q.2D (BNA) 1848 (S.D. Tex. Jul. 1, 2005) ................................................ 6, 7

*Glassbaby, LLC v. Provide Gifts, Inc.*
Case No. C11-380 MJP, 2011 U.S. Dist. LEXIS 60306,
100 USPQ 2d (BNA) 1547,
2011 WL 2218583 (W.D. Wash. Jun. 6, 2011) …………………………….… 3

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.,*
362 F. 3d 1367 (Fed. Cir., 2004) ……………………………......……. 10, 11

*GNI Waterman LLC v. A/M Valve Co. LLC,*
2007 U.S. Dist. LEXIS 68715,
2007 WL 2669503 (E.D. Cal. Sep. 7, 2007) ………………………………..… 4

*Halton Co. v. Streivor, Inc.*
Case No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649,
2010 WL 2077203 (N.D. Cal. May 21, 2010) …………………………… 10

*Honeywell Int'l, Inc. v. ICM Controls Corp.*
Case No. 11-569 (JNE/TNL), 2014 U.S. Dist. LEXIS 119466,
(D. Minn. Aug. 27, 2014) ……………………………………………….. 7

*In re Carletti*
328 F. 2d 1020 (U.S. Ct. Cust. and Pat. App. 1964) ……………………….. 7

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*
58 F. 3d 27 (2d Cir. 1995) ……………………………………………….. 2, 8

*Kwikset Corp. v. Superior Court*
51 Cal. 4th 310 (2011) ………………………………………………11, 12

*Law Offices of Mathew Higbee v. Expungement Assistance Services*
214 Cal. App. 4th 544 (2013) ……………………………………….. 11

*Leatherman Tool Grp. v. Cooper Indus.*
199 F. 3d 1009 (9th Cir. 1999) ……………………………………...… 8

*Levi Strauss & Co. v. Blue Bell, Inc.*
778 F. 2d 1352 (9th Cir.1985) ……………………………………... 5

*Medina v. Microsoft Corp.*
Case No. C 14-0143 RS, 2014 U.S. Dist. LEXIS 71271,
(N.D. Cal. May 23, 2014) ………………...……………………...… 10

*Murray v. Cable Nat. Broad. Co.,*
86 F. 3d 858 (9th Cir. 1996) ………………………………………… 1, 6

*Salt Optics, Inc. v. Jand. Inc.,*
Case No. SACV 10-828 DOC (RNBx),
2011 U.S. Dist. LEXIS 156237 (C.D. Cal. Mar. 4, 2011) ………............ 2

*Schwartz v. U.S. Bank, N.A.*
Case No. CV 11-08754 MMM (JCG),
2012 U.S. Dist. LEXIS 189868 (C.D. Cal. Aug. 3, 012) ……………….. 1, 6

*Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*
668 F. 3d 677 (9th Cir. 2012) ……………………………………….. 8

*Traffix Devices, Inc. v. Marketing Displays, Inc.*
532 U.S. 23 (2000) ........................................................... 3

*Toho Company, Ltd. V. Sears, Roebuck & Co.,*
645 F. 2d 788 (9th Cir. 1981).................................................. 1, 6

*Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*
Case No. 12 Civ. 3599 (RWS),
2012 U.S. Dist. LEXIS 110974,
106 USPQ 2d (BNA) 1756,
2012 WL 3240442 (S.D. NY 2012) .......................................... 3

*Von Saher v. Norton Simon Museum of Art at Pasadena*
592 F. 3d 954 (9th Cir. 2010) ................................................ 8

*Walker & Zanger, Inc. v. Paragon, Indus.*
549 F. Supp. 2d 1168 (N.D. Cal. 2007) .................................. 2, 9

*Wal-Mart Stores v. Samara Bros.*
529 U.S. 205 (2000) ............................................................ 5

*Weisbuch v. County of Los Angeles,*
119 F. 3d 778 (9th Cir. 1997)................................................. 1, 8

*Xechem, Inc. v. Bristol–Myers Squibb Co.,*
372 F. 3d 899 (7th Cir. 2004) ................................................ 8

*Yurman Design, Inc. v. PAJ, Inc.*
262 F. 3d 101 (2d Cir. 2001) ................................................. 8

*Zenith Electronics Corp. v. Exzec, Inc.,*
182 F. 3d 1340 (Fed. Cir. 1999) ............................................10, 11

**STATUTES**

Cal. Bus. & Prof. Code §17200 ............................................ 10, 11

**RULES**

Fed. R. Civ. Proc. 12(b)(6) ................................................ 1, 4, 6, 8

Fed. R. Ev. 201(b) ................................................................ 8

Fed. R. Ev. 201(c) ................................................................ 8

**TREATISES**

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D, ¶9:193.5 (Rutter Group, 2015) .......................................................... 8

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D, ¶9:211 (Rutter Group, 2015) .......................................................... 8

## I. INTRODUCTION

The Opposition fails to sufficiently address that the Complaint fails to properly plead all the elements of its claims, as the Complaint fails to plead ***facts*** that state a valid claim for relief. The Opposition's mere rote repetition of the insufficient allegations in the Complaint does not make them sufficient.

As to the Opposition's assertion that issues should not be examined on a motion to dismiss because they are questions of fact, it is well-settled that if it is clear that a plaintiff can state no set of facts to plead a claim, and the only inference is that plaintiff fails to state a claim, the court may properly dismiss insufficient claims at the pleading stage. *Schwartz v. US Bank N.A.*, Case No. CV 11-08754 MMM (JCG), 2012 US Dist LEXIS 189868, *9, 2012 WL 10423214 (C.D. Cal. Aug. 3, 2012); *Weisbuch v. County of Los Angeles*, 119 F. 3d 778, 783, fn. 1 (9th Cir. 1997). Indeed, Circuit Courts of Appeal have granted motions to dismiss trademark claims based on findings of genericness and no likelihood of confusion -- issues which the Opposition states are questions of fact. *Toho Company, Ltd. v. Sears, Roebuck & Co*., 645 F.2d 788, 790-91 (9th Cir.1981) (affirming dismissal pursuant to Rule 12(b)(6) because no likelihood of confusion); *Murray v. Cable Nat. Broad. Co.,* 86 F.3d 858, 861 (9th Cir. 1996) (affirming dismissal on ground that no likelihood of consumer confusion); *CES Publ'g Corp. v. St. Regis Publ'ns, Inc*., 531 F. 2d 11, 15 (2d Cir. 1975) (ordering dismissal due to genericness).

Accordingly, Defendants respectfully request the Court to grant their Motion and dismiss the Complaint.

## II. THE CLAIMED TRADE DRESS IS NOT PLED WITH SUFFICIENT SPECIFICITY.

Nothing in the Opposition refutes the fact that the Complaint alleges the claimed trade dress with only the general and amorphous description of: "Classic suede boot styling made famous by the UGG® brand." [Complaint, ¶21]. This element is impermissibly vague and provides no description of what the claimed

article looks like. It does not answer the crucial question -- what is "classic suede boot styling"? The picture attached to the Complaint likewise does not answer this question or pinpoint exactly what this element is. Moreover, the other elements that Plaintiff claims – overlapping front and rear panels on the lateral side of the shaft, curved top edges, exposed fleece-type lining, and buttons [Complaint, ¶21] – are not only functional, but common and generic elements of boots, as set forth more fully in the moving papers and below. The Complaint has not identified any unique and ***source identifying*** combination of elements capable of trade dress protection.

The Opposition contends that Plaintiff's allegations are similar to the one the Central District found sufficient in the case of *Salt Optics, Inc. v. Jand, Inc.*, Case No. SACV 10-828 DOC (RNBx), 2011 U.S. Dist. LEXIS 156237, *7-8 (C.D. Cal. Mar. 4, 2011), where a motion to dismiss was denied. The Opposition is wrong. In *Salt Optics*, the court found the allegations sufficient because the amended complaint provided a fixed list of the elements alleged to comprise the website's overall "look and feel" and synthesized those elements through a combination of written explanation and graphic images that spanned five pages. *Id.* Here, a picture of Plaintiff's boot does nothing to define the elements of "classic suede boot styling" or what it is.

Indeed, it is well settled that the level of generality at which a trade dress is described indicates that that dress is "no more than a concept or idea to be applied to particular products" and is nothing but generic. *Walker & Zanger, Inc. v. Paragon, Indus.*, 549 F. Supp. 2d 1168, 1174 (N.D. Cal. 2007); *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F. 3d 27, 33 (2d Cir. 1995). The Opposition attempts to distinguish *Walker & Zanger* -- where the court held that plaintiff's trade dress allegations of 'rustic look,' 'weathered look,' 'architectural character' and 'Old World' fail to provide adequate notice of the trade dress -- by claiming that the plaintiff in *Walker & Zanger* only pled an overall look and feel. However, the Complaint here makes the very same impermissibly vague allegations in its

description of "classic suede boot styling." Thus, for such deficiencies, Plaintiff's First and Third Claims for Relief must be dismissed.

## III. THE COMPLAINT FAILS TO PLEAD FACTS ESTABLISHING NON-FUNCTIONALITY.

The law is well-settled that the failure to plead non-functionality is fatal to a trade dress claim. *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 30 (2000). The only allegation the Complaint makes regarding the element of non-functionality is the short conclusory statement that the trade dress consists of "the following non-functional elements." [Complaint, ¶21.] Such conclusory statements not only fail the *Iqbal/Twombly* requirement that pleadings must include factual allegations to support the legal claims asserted, but such one-liners are precisely the kinds of insufficient allegations regarding non-functionality that courts examining trade dress infringement claims routinely reject and dismiss. *See, Glassbaby, LLC v. Provide Gifts, Inc.*, Case No. C11-380 MJP, 2011 U.S. Dist. LEXIS 60306, *5, 100 USPQ 2d (BNA) 1547, 2011 WL 2218583 (W.D. Wash. Jun. 6, 2011); *Urban Group Exercise Consultants, Ltd. V. Dick's Sporting Goods*, Inc., Case No. 12 Civ. 3599 (RWS), 2012 U.S. Dist. LEXIS 110974, *16-17, 106 USPQ 2d (BNA) 1756, 2012 WL 3240442 (S.D. NY 2012); *DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 408 (S.D. NY 2009).

The Opposition contends that the Complaint sufficiently pleads non-functionality because it included a "list of elements as well as images of products which embody the trade dress." [Opposition, 6:19-22).] The Opposition is wrong. Listing the purported elements of a trade dress or including a picture does not plead ***facts*** establishing non-functionality, an element which Plaintiff has the burden to establish. Even the case cited by the Opposition specifically states this:

> Although the complaint's photos of GNI Waterman and AM Valve's canal gates are helpful, ***the complaint lacks defined non-functionality allegations***. The fact that functionality is a factual issue is persuasive

> to avoid F.R.Civ.P. 12(b)(6) dismissal of GNI Waterman's (first) palming off and (second) trade dress infringement causes of action. ***Nonetheless, AM Valve is entitled to a more definite statement of non-functionality to address factors of utilitarian advantage, availability of alternative designs and economies in manufacture or use***. As AM Valve notes, ***GNI Waterman is not allowed to "punt" on non-functionality, and its amended complaint is expected to address absence of non-functionality allegations***.

*GNI Waterman LLC v. A/M Valve Co. LLC*, 2007 U.S. Dist. LEXIS 68715, *17-18, 2007 WL 2669503 (E.D. Cal. Sep. 7, 2007) (emphasis added)[1].

The Opposition's reliance on the case of *Brian Lichtenberg, LLC v. Alex & Chloe, Inc.*, Case No. CV 13-06837 DDP (PJWx), 2014 US Dist. LEXIS 18607, 2014 WL 585436 (C.D. Cal. Feb 13, 2014), is also misguided. In contrast to the Complaint here, in *Brian Lichtenberg* the complaint included specific allegations about the claimed trade dress, delineating the way the fabric is enzyme washed, the specific combination of colors used, the specific fabric used for the labels, the specific font, and the specific combination of colors for the embroidery. *Id*. at *12. The court in *Brian Lichtenberg* was able to discern non-functionality from the plaintiff's specific and detailed factual and descriptive allegations of specific combinations of colors, fabrics and textures, and fonts. By contrast, here, the Complaint only states that there are overlapping panels, exposed lining, and buttons.[2] There are no ***facts*** about why these elements are non-functional. Indeed, a listing – with nothing more – of functional elements such as overlapping panels, exposed

---

[1] The Opposition quotes *GNI Waterman* out of context to support its contention that the functionality issue somehow does not need to be addressed at the pleading stage, but fails to include the full quotation in which the court specifically required the plaintiff to address non-functionality in its allegations.

[2] The fact that there are buttons implies some functionality.

lining, and buttons conveys functionality.

## IV. THERE ARE NO FACTS ESTABLISHING SECONDARY MEANING.

The law is clear that a plaintiff asserting infringement of an unregistered product design trade dress must always prove that the design has acquired secondary meaning in the marketplace. *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 216 (2000). The Complaint contains no factual allegations that a substantial segment of consumers and potential customers make a mental association between the claimed design and Plaintiff (*Levi Strauss & Co. v. Blue Bell, Inc*., 778 F. 2d 1352, 1354 (9th Cir. 1985)); but merely makes the conclusory statement that the claimed design has achieved a "high degree of consumer recognition and secondary meaning," with no facts to support such a conclusion. [Complaint, ¶22.] Indeed, the Complaint does not allege at all that the claimed design serves to identify Plaintiff as the source ***of those particular goods***. What the Complaint alleges is only that Plaintiff's Bailey Button Boot somehow serves to identify Plaintiff as a "source of high-quality goods." [Complaint, ¶22.] That consumers may view Plaintiff's shoes and then somehow think that Plaintiff produces high-quality goods is far from establishing that whenever consumers view the claimed design they think of Plaintiff as the source of that particular design, which is what must be shown to establish secondary meaning.

The Opposition claims that "the existence of secondary meaning may be inferred from evidence relating to the nature and extent of the public exposure achieved by the designation, or from proof of intentional copying" [Opposition, 9:10-12]; yet, the Opposition ignores that the Complaint is replete with mere ***conclusory*** allegations and devoid of the essential ***facts*** required to even infer – let alone establish – secondary meaning. Such deficiency warrants dismissal of the claims.

## V. THE ALLEGATIONS OF THE COMPLAINT, AS WELL AS MATTERS WHICH THE COURT MAY PROPERLY CONSIDER, DISCLOSE THAT THE TRADE DRESS AND PATENT

**INFRINGEMENT CLAIMS ARE SUBJECT TO THE AFFIRMATIVE DEFENSES OF FUNCTIONALITY AND GENERICNESS.**

The Opposition asserts that issues of functionality or genericness should not be examined on a motion to dismiss because they are questions of fact. However, the well-settled law is that, if it is clear that the plaintiff can prove no set of facts to plead a claim, and the only inference from the allegations in a complaint and from matters of which the court may take judicial notice is that a complaint fails to state a claim, the court may properly dismiss such insufficient claims at the pleading stage. *Schwartz, supra,* 2012 US Dist LEXIS 189868, *9. Indeed, Circuit Courts of Appeal have affirmed granting motions to dismiss based on findings of genericness and lack of likelihood of confusion – issues which the Opposition states are questions of fact. *Toho, supra,* 645 F.2d at 790-91; *Murray, supra,* 86 F.3d at 861; *CES Publ'g Corp.*, supra, 531 F. 2d at 15.

In *CES Publ'g Corp. v. St. Regis Publ'ns, Inc*., the Court of Appeal held that plaintiff's claimed trade name for a magazine was inherently generic, and was not the subject of a valid trademark, because the term "Consumer Electronics Monthly" is generic and not a protected mark. There, the Court of Appeal not only affirmed the order denying temporary injunction, but ordered the district court to dismiss the complaint with prejudice as to the federal claims because the plaintiff was not entitled to maintain its suit due to the term's genericness. 531 F. 2d at 15.

Courts have also considered the existence of advertisements by other retailers to determine whether a mark is protectable under the Lanham Act. In *Finger Furniture Co, Inc. v. Mattress Firm, Inc*., Case No. H-05-0299, 2005 U.S. Dist. LEXIS 18648, *11-12, 2005 WL 1606934, 75 U.S.P.Q.2D (BNA) 1848 (S.D. Tex. Jul. 1, 2005), the court dismissed the Lanham Act claim under 12(b)(6) and rejected the plaintiff's claims that the "SLEEP FREE" mark is suggestive, stating:

> . . . [T]he Court notes TMF used "SLEEP FREE" in a print ad in the Houston Chronicle on July 4, 1992, Mattress Land used "SLEEP FREE" in a print ad in a Spokane newspaper on July 19, 2003, Mattress

> Discounters used "SLEEP FREE" in a Boston Globe advertisement on July 10, 2004, and other companies across the country have used "SLEEP FREE" in their advertisements. Because so many mattress companies use "SLEEP FREE" in their advertisements, the Court finds it difficult to characterize the phrase "SLEEP FREE" as suggestive and derived from Finger as the source.

2005 U.S. Dist. LEXIS 18648, *11-12.

Courts have also called upon common knowledge in determining whether something is functional, with regard to both trade dress and patents. *See, e.g., Honeywell Int'l, Inc. v. ICM Controls Corp.*, 45 F. Supp. 3d 969, 1000 (D. Minn. 2014) ("Moreover, common experience confirms the functionality of many of the elements that make up Honeywell's claimed trade dress. . . . Common sense also suggests manufacturing, storage, and transportation efficiencies of simple shapes, such as a generally rectangular shape for the overall product or for a round button."); *See also*, *In re Carletti*, 328 F. 2d 1020, 1021-1022 (U.S. Ct. Cust. And Pat. App. 1964) ("The Examiner's rejection of the appealed claim as being unpatentable over the reference is sustained. . . . Common sense and but a slight familiarity with the requirements of gaskets both point to the obvious functionality of the groove and ribs on the gasket.").

Plaintiff does not even address the issues of functionality and genericness in its Opposition to Defendants' Motion. Plaintiff merely opposes Defendants' Request for Judicial Notice of the printouts of webpages indicating shoe designs similar to Plaintiff's. As set forth in the concurrently filed Response to Plaintiff's Objection to Defendant's Request for Judicial Notice, however, judicial notice is proper because the materials offered by Defendants are offered for the limited purpose of indicating the information in the public realm. The Ninth Circuit has held that judicial notice for the purpose of indicating the information in the public realm is proper; and, further, it is the general rule that websites and their contents

are proper subjects for judicial notice. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F. 3d 954, 960 (9th Cir. 2010); *Caldwell v. Caldwell*, Case No. C 05-4166 PJH, 2006 U.S. Dist. LEXIS 13699, *10-12, 2006 WL 618511 (N.D. Cal. Mar. 13, 2006). Moreover, the Opposition has not identified any disputable information in any of the printouts of the websites submitted. Thus, the objections should be overruled. Fed. R. Evid. 201(b)(2), (c)(1).

It is well-settled that when the complaint's allegations, as well as matters of which the court may take judicial notice, disclose some absolute defense or bar to recovery, then the complaint fails to state a claim and dismissal is proper under FRCP 12(b)(6). *Weisbuch, supra,* 119 F. 3d at 783, fn. 1; Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D, ¶9:193.5 (Rutter Group, 2015). ***For purposes of a Rule 12(b)(6) motion, the court can "augment" the facts and inferences from the body of the complaint with "data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice***." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D, ¶9:211 (emphasis added), citing *Coto Settlement v. Eisenberg*, 593 F. 3d 1031, 1038 (9th Cir. 2010). Where a defense is disclosed, plaintiff is obligated to "plead around" or avoid the defense in order to state a claim upon which relief can be granted. *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F. 3d 899, 901 (7th Cir. 2004).

Here, the claimed elements are not only functional, but the combination of these elements as a whole is also functional. The individual functional elements of the boot design are combined in the only functional way they can be combined. *Leatherman Tool Grp. v. Cooper Indus.*, 199 F. 3d 1009, 1012 (9th Cir. 1999); *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F. 3d 677, 687 (9th Cir. 2012). It has even been recognized that the non-functionality element overlaps with the distinctiveness element, i.e., trade dress which combines elements that make it functional as a whole – as Plaintiff is doing here – "should be regarded as 'generic'" (*Jeffrey Milstein, supra,* 58 F. 3d at 32; *Yurman Design, Inc. v. PAJ, Inc.*, 262 F. 3d

101, 116, fn 5 (2d Cir. 2001)), as can be seen by the many boots in the marketplace with the same common elements. Further, the Complaint's general and amorphous description of "classic suede boot styling" indicates that the trade dress Plaintiff claims is generic. *Walker & Zanger*, *supra*, 549 F. Supp. 2d at 1174 ("Cases addressing product design suggest that the term "genericness" covers...[the situation where] the definition of a product design is overbroad or too generalized...").

Clearly, the allegations of the Complaint, as well as matters of which the Court may properly take judicial notice, establish a defense to Plaintiff's claims; and the First, Second, and Third Claims for Relief for trade dress and patent infringement must be dismissed.

## VI. PLAINTIFF'S COMPLAINT FAILS TO SUFFICIENTLY ALLEGE A CLAIM FOR WILLFUL PATENT INFRINGEMENT.

Plaintiff is well-aware – because the Central District has already dismissed the very same claim that Plaintiff tried to assert in another case – that "California federal courts have taken the view that a plaintiff must plead presuit [sic] knowledge in order to adequately plead willful infringement." *Deckers Outdoor Corp. v. J.C. Penney Co.*, 45 F. Supp. 3d 1181, 1188 (C.D. Cal. 2014).

The Complaint is devoid of any factual allegations to establish that Defendants had pre-suit knowledge. The Complaint only alleges widespread popularity and recognition of the Bailey Button Boot style and the patent notice provided on the boots, and then conclusorily states that "Defendants had pre-suit knowledge." [Complaint, ¶40.] The Central District of California has already rejected and dismissed these very same insufficient allegations because "even if the Bailey Button Boots have garnered widespread popularity and are stamped with patent notice, those allegations, standing alone, do not establish that JC Penney actually knew about the . . . Patents. Actual knowledge—not constructive knowledge—is the criterion." *Deckers*, 45 F. Supp. 3d at 1188. Simply alleging that Defendants had "pre-suit knowledge," without any facts to support such a

conclusory allegation, fails to save the Complaint's insufficient allegations. Thus, the claim for willful patent infringement here must be dismissed, just as Judge Wright did in *Deckers v. JC Penney*.

## VII. THE FOURTH AND FIFTH CLAIMS FOR RELIEF MUST BE DISMISSED BECAUSE DEFENDANTS HAVE COMMITTED NO TRADEMARK OR PATENT INFRINGEMENT.

Because, as set forth above and in the moving papers, Plaintiff has failed to state a claim for either trade dress infringement or patent infringement, Plaintiff's Fourth Claim For Relief for violation of Business and Professions Code §17200 and Fifth Claim For Relief for unfair competition under California common law also fail. *Cleary v. News Corp.*, 30 F. 3d 1255, 1263 (9th Cir. 1994).

The Opposition's arguments regarding pre-emption do not save the Complaint's insufficient claims. Defendants argued in their motion to dismiss that, as an additional argument, to the extent Plaintiff's claim is premised on Defendants' alleged patent infringement, it is preempted. *Medina v. Microsoft Corp*., Case No. C 14-0143 RS, 2014 U.S. Dist. LEXIS 71271, *7-8, 2014 WL 2194825 (N.D. Cal. May 23, 2014); *Halton Co. v. Streivor, Inc.*, Case No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649, *4, 2010 WL 2077203 (N.D. Cal. May 21, 2010).[3]

---

[3] The Opposition states that "Courts have held that alleging bad faith may avoid preemption," citing *Dimension One Spas, Inc. v. Coverplay, Inc.*, 2008 WL 4165034, *17, 2008 U.S. Dist. LEXIS 69526 (S.D. Cal. Sep. 5, 2008), *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F. 3d 1367, 1374 (Fed. Cir., 2004), *BriteSmile, Inc. v. Discus Dental, Inc.*, 2005 WL 3096275, *4, 2005 U.S. Dist. LEXIS 30855 (N.D. Cal., Nov. 18, 2005), and *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F. 3d 1340, 1355 (Fed. Cir. 1999). [Opposition, 19:1-9.] The Opposition takes the statements out of context; and its citation to these cases is off the mark. When the cases are actually read, they prove to be inapposite here. In those cases, the issue is not whether unfair competition claims that allege nothing more than an infringement action are pre-empted by the federal patent laws. Rather, the specific issue is whether state-law tort liability for communications regarding patent rights are pre-empted by the federal patent law. Federal case law holds that "A patentee that has a good faith belief that its patents are being infringed violates no protected

However, nothing can change the fact that, because Plaintiff has failed to state a claim for either trade dress infringement or patent infringement, Plaintiff's claim for violation of §17200 and violation of California common law also fail.

## VIII. THE §17200 CLAIM FAILS FOR THE ADDITIONAL REASON THAT PLAINTIFF LACKS STANDING.

Nothing in the Opposition refutes the fact that Plaintiff's Fourth Claim for Relief fails for the additional reason that the Complaint fails to plead facts sufficient to demonstrate some form of economic injury. *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 323 (2011). The Complaint's allegations are merely that the alleged "deceptive, unfair, and fraudulent practices . . . have been undertaken with knowledge by Defendants willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and business reputation." [Complaint, ¶52.]

The cases in which courts have found allegations sufficient to satisfy the economic injury requirement include allegations establishing concrete losses of money or property. *See e.g.*, *Law Offices of Mathew Higbee v. Expungement Assistance Services*, 214 Cal. App. 4th 544, 547 (2013); *Allergan, Inc. v. Athena Cosmetics, Inc.*, 640 F. 3d 1377 (Fed.Cir. 2011). The Opposition does not dispute that here, in contrast, Plaintiff alleges merely that the alleged infringement caused its loss of an amorphous right of control to the use of its intellectual property, and does not allege any ***economic harm*** from loss of money or property. Simply alleging

---

right when it so notifies infringers." The federal law, therefore, required bad faith for liability, whereas unfair competition laws may not necessarily require bad faith. It was in that context that the *Dimension One* court stated: "When state law claims are based on such communications, federal law governs the appropriateness of the communications unless the communications were made in bad faith. *Id.* '[T]o avoid preemption, bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the [state] tort claim.'" (emphasis added). Likewise for *Globetrotter Software*, *BriteSmile*, and *Zenith Electronics Corp*.

that Plaintiff "has suffered damages" [Opposition, 15:18-20] does not demonstrate the requisite ***economic*** injury for standing. *Kwikset, supra*, 51 Cal. 4th at 323.

## IX. THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL LIABILITY AGAINST DEFENDANT LEE.

The Opposition claims Defendant Lee is personally liable simply because of the conclusory allegation that she is an "owner, officer, director, and/or managing agent of Fortune Dynamic and is the active, moving, conscious force behind the infringing activities." [Complaint, ¶14.] To survive dismissal, however, the Complaint must plead and prove ***facts*** of what Defendant Lee did to authorize, direct, or participate in the acts. The conclusory allegations that she "authorized, directed, or participated," with nothing more, is insufficient. *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1114 (C.D. Cla. 2010); *Davis v. Metro Prods., Inc.*, 885 F. 2d 515, 524, fn 10 (9th Cir. 1989). Such threadbare pleadings are insufficient to satisfy the *Iqbal/Twombly* standard of pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's claims against Defendant Carol Lee are insufficient and must be dismissed.

## X. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to grant their Motion and dismiss all the Claims for Relief in Plaintiff's Complaint without leave to amend.

Dated: April 27, 2015

HFL LAW GROUP, LLP

By: /s/ James C. Fedalen
James C. Fedalen
*Attorneys for Defendants* FORTUNE DYNAMIC, INC, and CAROL LEE