UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order GRANTING IN PART and DENYING IN PART Motion to Dismiss

      Before the Court is Defendants Fortune Dynamic, Inc. ("Fortune Dynamic") and Carol Lee's ("Lee") (collectively, "Defendants") motion to dismiss the complaint. *See* **Dkt. # 13.** The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving, opposing, and reply papers, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss.

I.     Background

      Plaintiff is a corporation that designs and markets footwear identified by the UGG® trademark and other trademarks, such as Teva® and Sanuk®. *Compl.* ¶¶ 4, 9.

      The UGG® brand was founded in 1978, and Plaintiff alleges that the popularity of the brand has steadily grown in the U.S. and internationally since that time. *Id.* ¶ 10. Plaintiff describes UGG® as one of the most recognized and relevant comfort shoe brands in the industry and claims that its commitment to quality has helped propel the brand to overwhelming popularity as well as luxury brand status. *Id.*

      The complaint marks the year 2000 as an important date for the brand because Oprah's Favorite Things® featured UGG® boots that year, and Oprah declared on national television that she loved the product. *Id.* ¶ 11. Plaintiff alleges that the popularity of the brand's footwear has grown exponentially over the past fifteen years. *Id.* Celebrities regularly wear UGG® footwear and UGG® boots have become a high fashion luxury item worn on fashion runways around the world. *Id.*

      Defendant Fortune Dynamic is a corporation that manufactures, advertises, markets, distributes, and sells footwear for men, women, and children. *See id.* ¶ 13. Fortune Dynamic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

offers footwear wholesale to retailers across the country under the brand name SODA. *Id.* Lee is an owner, officer, and/or managing agency of Fortune Dynamic who Plaintiff claims is the "active, moving, conscious force" behind the allegedly infringing activities identified in the complaint. *Id.* ¶ 14.

This lawsuit involves claimed infringement of Plaintiff's UGG® Bailey Button boot design. *Id.* ¶¶ 15, 21. The UGG® Bailey Button boot was introduced in 2009 and Plaintiff describes its design as consisting of a combination of the following non-functional elements:

- Classic suede boot styling made famous by the UGG® brand;

- Overlapping of front and rear panels on the lateral side of the boot shaft;

- Curved top edges on the overlapping panels;

- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and

- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels.

*Id.* ¶ 21. Plaintiff labels this combination of elements the "Bailey Button Boot Trade Dress" and includes images of three of Plaintiff's boots exhibiting the trade dress:

  

*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

  Plaintiff asserts that the Bailey Button Boot Trade Dress was an original design by Plaintiff and its elements are non-functional. *Id.* ¶ 22. Plaintiff states that the distinctive quality of the boots using this trade dress has achieved widespread acceptance and recognition among the public and in the trade, as well as secondary meaning, which serves to identify Plaintiff as the source of high-quality goods. *Id.* ¶¶ 22, 25. The Bailey Button Boot Trade Dress is one of the most well recognized and commercially successful styles of Plaintiff's UGG® brand footwear, having been featured on Plaintiffs' advertising and promotional materials as well as in various trade publications. *Id.* ¶ 23. Plaintiff explains that the Bailey Button boot also receives unsolicited media attention, such as wear by various celebrities and publicity in magazines. *Id.* ¶¶ 23, 26. Without specifying any figures or market share percentages, Plaintiff states that it has sold "a substantial amount" of UGG® boots bearing the Bailey Button Boot Trade Dress. *Id.* ¶ 24.

  Plaintiff owns a design patent related to the Bailey Button boot. *Id.* ¶ 33, Ex. A. U.S. Patent No. D599,999 ("'999 Patent"). The '999 Patent issued on September 15, 2009 and claims an ornamental design for the upper portion of footwear items, described in seven illustrative figures depicting different views of the design. *See '999 Patent*. Two of the figures are reproduced below:




*Id.* Plaintiff marks all footwear products embodying the design of the "'999 Patent with "Pat. No. 599,999" on a product label. *Compl.* ¶ 39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

Plaintiff asserts that Fortune Dynamic, one of Plaintiff's competitors, has copied the Bailey Button boot design and sold products that infringe upon the Bailey Button Boot Trade Dress and the '999 Patent in an effort to exploit Plaintiff's reputation in the market. *Id.* ¶¶ 15-17. The complaint includes a dark image of one of Fortune Dynamic's boots:



**Defendant Fortune Dynamic's Boot**

*Id.* ¶ 15. Plaintiff asserts that, in light of the patent labeling and the widespread popularity and recognition of Plaintiff's Bailey Button boot, Defendants knew about Plaintiff's rights to the subject design and intentionally copied it on their own brand of products in an effort to pass them off as originating, being affiliated with, or being authorized by Plaintiff. *Id.* ¶ 40.

Plaintiff asserts the following claims against Fortune Dynamic and Lee: (1) Trade Dress Infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) Patent Infringement in violation of 35 U.S.C. § 271; (3) Trade Dress Infringement under California common law; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (5) unfair competition under California common law. Dkt. # 1. Defendants move to dismiss the complaint in its entirety. Dkt. # 13.

II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568

Case 2:15-cv-00769-PSG-SS   Document 19   Filed 05/08/15   Page 5 of 15   Page ID #:314

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions…cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

III.    Discussion

Defendants move to dismiss each of the five causes of action asserted against them. The Court will address the arguments against the trade dress claims, the patent infringement claim, and the unfair competition claims in turn. Lastly, the Court will analyze whether Plaintiff has sufficiently pled facts supporting individual liability for Lee for her involvement in any of the surviving claims.

   A.    Trade Dress Infringement

Plaintiff asserts claims for infringement of the Bailey Button Boot Trade Dress under the Lanham Act, 15 U.S.C. § 1125(a) and California common law. *See Compl.* ¶¶ 20-31, 43-49. "As a general matter, trademark claims under California law are substantially congruent with federal claims and thus lend themselves to the same analysis." *See Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004) (internal quotation omitted); *see also Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1024 n.10 (9th Cir. 2004) ("Because California trademark law claims are 'substantially congruent,' we do not examine them separately in this opinion, just as the district court did not.") (internal quotation omitted). Plaintiff does not argue that the trade dress analysis differs under the two frameworks. *See Opp.* 3:14-10:20. Accordingly, the Court addresses the trade dress claims collectively.

"A product's 'trade dress' is its total image and overall appearance; it includes 'features such as size, shape, color, color combinations, texture, or graphics.'" *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1045 n.2 (9th Cir. 1998) (quoting *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989)). To state a claim for trade dress infringement, a plaintiff must allege that the asserted trade dress: "(1) is nonfunctional; (2) is either inherently distinctive or has acquired a secondary meaning; and (3) [defendant's product]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

is likely to be confused with [plaintiff's] products by members of the consuming public." *See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993). In evaluating the elements of a trade dress claim, "it is crucial that [courts] focus *not* on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001).

As an initial matter, Defendants argue that Plaintiff has not articulated the claimed Bailey Button Boot Trade Dress with sufficient detail. *Mot.* 4:23-6:15. Defendants further contend that Plaintiff fails to state a claim for trade dress infringement because Plaintiff has not pled that the trade dress elements are non-functional or have acquired a secondary meaning. *Id.* 6:16-10:3. Defendants also attempt to raise affirmative defenses related to functionality and the generic nature of the Bailey Button Boot Trade Dress. *Id.* 10:4-16:10.

        *i.*     *Description of the Trade Dress*

"A plaintiff should clearly articulate its claimed trade dress to give a defendant sufficient notice." *Sleep Science Partners v. Lieberman*, No. 09-4200 CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010) (citing *Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F.Supp.2d 1168, 1174 (N.D. Cal. 2007); *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, No. C 08-4397 WHA, 2008 WL 6742224, at *5 (N.D. Cal. Dec. 18, 2008)).

Defendants argue that Plaintiff has not clearly articulated its claimed trade dress because it is only alleged "with the general and amorphous description of: 'Classic suede boot styling made famous by the UGG® brand.'" *Mot.* 5:14-17 (citing *Compl.* ¶ 21). Defendants state that "[t]his description is impermissibly vague and provides no description of what the claimed article looks like." *Id.* 5:17-18. The Court agrees that this description is too general to give Defendants notice of the boundaries of the claimed Bailey Button Boot Trade Dress. *See Walker & Zanger*, 549 F.Supp.2d at 1176 (description of the trade dress of decorative tiles as having a "rustic" or "weathered look," "architectural character," or reminiscent of "Old World handiwork" "fail[s] to provide adequate notice to competitors in the decorative tile business [of] the breadth of plaintiff's exclusivity rights").

However, as discussed in the Background section above, the quoted "classic suede boot styling" element is only one of five bullet points of information describing the Bailey Button Boot Trade Dress. *See Compl.* ¶ 21. Plaintiff explains that the suede boot also features overlapping panels on the boot shaft, curved edges on those overlapping panels with exposed fleece-type edges, and one or more prominent buttons on the shaft adjacent to the overlapping panels. *Id.*; *Opp.* 4:1-6:11. Additionally, Plaintiff includes three images depicting the Bailey Button Boot Trade Dress that further convey the collective appearance and placement of these

Case 2:15-cv-00769-PSG-SS   Document 19   Filed 05/08/15   Page 7 of 15   Page ID #:316

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

elements. *Compl.* ¶ 21. Defendants maintain that the pictures do not answer the crucial question of "what the claimed article looks like," *see Reply* 1:27-2:3, but the images do depict how the elements come together to form the claimed trade dress. Other courts have concluded that listing the elements of a trade dress and providing an image of a product bearing the dress sufficiently identifies the trade dress over which plaintiff claims exclusive rights, and this Court similarly agrees that Plaintiff has described the Bailey Button Boot Trade Dress with sufficient particularity in this case. *See, e.g., Axis Imex, Inc. v. Sunset Bay Rattan, Inc., et al.*, No. C 08-3931 RS, 2009 WL 55178, at *1, 3 (N.D. Cal. Jan. 7, 2009) (a "picture in combination with the pleadings regarding the shape, size, and placement of the bows and ribbons" on a five nesting box storage system identified the trade dress with sufficient particularity to avoid dismissal).[1]

      ii.    *Non-functional*

"A product feature is functional and cannot serve as a trademark 'if [the product feature] is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant, non-reputation-related disadvantage." *Kendall-Jackson Winery*, 150 F.3d at 1048 (quoting *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 165 (1995) (internal quotation omitted)). "Functional features of a product are features 'which constitute the actual benefit that the consumer wishes to purchase, as distinguished from an assurance that a particular entity made, sponsored, or endorsed a product." *See Rachel v. Banana Republic, Inc.*, 831 F.3d 1503, 1506 (9th Cir. 1987) (internal quotation omitted). "The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature." *Qualitex*, 514 U.S. at 164.

The Ninth Circuit has identified several factors to consider "in determining whether trade dress is functional: '(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture.'" *Clicks Billiards*, 251 F.3d at 1260 (quoting *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998)).

Defendants allege that Plaintiff has not pled facts supporting that the Bailey Button Boot Trade Dress is non-functional. *See Mot.* 6:25-8:11. Instead, in describing the trade dress, Plaintiff only conclusorily states that it "contains the following non-functional elements" then

---

[1] Moreover, Defendants' attempts to discount the specific elements of Plaintiff's trade dress description by characterizing them as functional or generic elements of boots, *see Reply* 2:3-8, do not pertain to whether Plaintiff pled the trade dress with enough detail to provide Defendants with notice of Plaintiff's claimed dress and are more appropriately addressed in later sections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | | Date | May 8, 2015 |
|---|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | | |

lists the five bullet points discussed above. *Id.* 7:6-8. Plaintiff appears to counter that its description of the Bailey Button Boot Trade Dress implicitly pleads non-functionality because it describes an overall aesthetic look of a boot. *See Opp.* 6:13-7:22. In light of the standard pleading requirement that plaintiffs support the elements of their claims with more than conclusory statements, the Court is persuaded by the approach of district courts that require plaintiffs to allege *how* a trade dress is non-functional. *See Glassbaby, LLC v. Provide Gifts, Inc.*, No. C 11-380 MJP, 2011 WL 2218583, *2 (W.D. Wash. Jun. 6, 2011) ("Plaintiff must plead with at least some detail what the purported design is and how it is nonfunctional."); *DO Denim, LLC v. Fried Denim*, 634 F.Supp.2d 403, 408 (S.D.N.Y. 2009) (dismissing a trade dress claim because "[t]he Amended Complaint includes a conclusory assertion that the Dragon Design is 'unique and nonfunctional,' but proffers no factual allegations demonstrating that the design is not aesthetically or otherwise functional…[or] allegations as to whether protecting the Dragon Design…would put competitors at a significant non-reputation-related disadvantage"); *cf. GNI Waterman LLC v. A/M Valve Co. LLC*, No. CV F 07-863 LJO (TAGx), 2007 WL 2669503, at *6 (E.D. Cal. Sep. 7, 2007) (allowing a complaint without "defined non-functionality allegations" to avoid Rule 12(b)(6) dismissal, but simultaneously holding that defendant "is entitled to a more definite statement of non-functionality," that plaintiff "is not allowed to 'punt' on non-functionality, and [that plaintiff's] amended complaint is expected to address [the] absence of non-functionality allegations"). The Court holds that Plaintiff's conclusory statement of non-functionality fails to sufficiently allege the element, particularly because some features of the claimed trade dress do perform a utilitarian function in certain contexts (*i.e.*, buttons or adjustable overlapping flaps).

Plaintiff also attempts to avoid dismissal on functionality grounds by arguing that the factual issue of functionality is not appropriately resolved at the motion to dismiss stage. *See Opp.* 7:23-8:5. The Court agrees that functionality is a question of fact, not of law, that is generally not suitable to disposition on a motion to dismiss. *See Morton v. Rank America, Inc.*, 812 F.Supp. 1062, 1069 (C.D. Cal. 1993) ("Because functionality is a question of fact, the Plaintiffs' claim under Section 43(a) of the Lanham Act cannot be dismissed on the grounds that the Hard Rock Cafe trade dress is functional."); *Autodesk*, 2008 WL 6742224, at *2 ("Genericness and functionality are questions of fact, making dismissal under Rule 12(b)(6) inappropriate.").[2] However, this case law does not relieve Plaintiff of its obligation to adequately *plead* non-functionality in order to state a claim for trade dress infringement.

Because Plaintiff does not support its conclusory allegation that the Bailey Button Boot Trade Dress is non-functional in the complaint, the Court GRANTS the motion to dismiss the

---

[2] Accordingly, Defendants' factual arguments for dismissal based on the functional and generic nature of the Bailey Button Boot Trade Dress, *see Mot.* 10:4-16:10, are not appropriate for this stage of the proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | | Date | May 8, 2015 |
|---|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | | |

trade dress claims, with leave to amend.

### iii.  *Secondary Meaning*

Alternatively, dismissal of the claims for trade dress infringement is warranted because Plaintiff has not sufficiently pled that the Bailey Button Boot Trade Dress has acquired a secondary meaning.  *See Mot.* 8:12-10:3.  Secondary meaning refers to the "mental association by a substantial segment of consumers and potential customers between the alleged trade dress and a single source of the product."  *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (internal quotation omitted).  "Secondary meaning can be established in many ways, including (but not limited to) [1] direct consumer testimony; [2] survey evidence; [3] exclusivity, manner, and length of use of a mark; [4] amount and manner of advertising; [5] amount of sales and number of customers; [6] established place in the market; and [7] proof of intentional copying by the defendant."  *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999).

Plaintiff's complaint never alleges that when consumers see an item of footwear exhibiting the Bailey Button Boot Trade Dress, they associate the item with Plaintiff.  Plaintiff asserts that the distinctive quality of the Bailey Button Boot Trade Dress "has achieved a high degree of consumer recognition and secondary meaning, which serves to identify [Plaintiff] as the source of high-quality goods."  *Compl.* ¶ 22.  However, the key factual assertion for secondary meaning is not the association of the plaintiff with high-quality goods generally, but the association of the plaintiff with a particular good or goods.  *See Mot.* 9:2-14 ("That consumers may view Plaintiff's shoes and then somehow think that Plaintiff produces high-quality goods is far from establishing that whenever consumers view the claimed design they think of Plaintiff as the source of that particular design, which is what must be shown to establish secondary meaning."); *see also Opp.* 9:3-6 ("secondary meaning attaches when customers associate the product design with its source as opposed to the product itself") (citing *Aurora World, Inc. v. Ty Inc.*, 719 F.Supp 2d 1115, 1141 (C.D. Cal. 2009); *In'tl Jenson*, 4 F.3d at 824).

The Court accepts that, as the listed factors above indicate, the existence of secondary meaning "may be inferred from evidence relating to the nature and extent of the public exposure achieved by the designation, or from proof of intentional copying."  *See Ashlar, Inc. v. Structural Dynamics Research Corp.*, No. C-94-4344 WHO, 1995 WL 639599, at *5 (N.D. Cal. Jun. 23, 1995) (internal quotation omitted).  While Plaintiff mentions the existence of some of these factors generally, the allegations implicating public exposure, sales and establishment in the market, and intentional copying are conclusorily pled.  *See Compl.* ¶¶ 23-25.  Plaintiff states generally: the Bailey Button Boot Trade Dress is one of its "most well recognized and

Case 2:15-cv-00769-PSG-SS Document 19 Filed 05/08/15 Page 10 of 15 Page ID #:319

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | | Date | May 8, 2015 |
|---|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | | |

commercially successful styles;" Plaintiff has spent "substantial time, effort and money" promoting and advertising items embodying the trade dress; the trade dress has been in "long use" by Plaintiff; and Plaintiff has made "extensive sales" and sold "a substantial amount" of boots bearing the design. *Id.*; *Opp.* 9:7-10:12. The allegations of intentional copying are also conclusory. *See Compl.* ¶¶ 16, 46. While the complaint alleges that the Bailey Button Boot Trade Dress has "achieved widespread acceptance and recognition among the consuming public and trade throughout the United States," it fails to complete this assertion and state what the consuming public accepts and recognizes about the trade dress. *Id.* ¶ 25. In its current form, the complaint does not sufficiently allege that the Bailey Button Boot Trade Dress has acquired a secondary meaning.

For the foregoing reasons, the Court GRANTS the motion to dismiss the claims for trade dress infringement, with leave to amend.

      B.      <u>Patent Infringement</u>

To properly plead design patent infringement, Plaintiff need only: (1) allege ownership of the patent, (2) name each defendant, (3) cite the patent, (4) state the means by which the defendant allegedly infringes, and (5) point to the sections of the patent law invoked. *See Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). Plaintiff satisfies each of these requirements by pleading ownership of the '999 Patent and alleging how Defendants are involved with the manufacture and sale of products that are substantially similar to the '999 Patent in violation of 35 U.S.C. § 271. *Opp.* 11:2-17; *Compl.* ¶¶ 33-35.

In their motion, Defendants argue that the '999 Patent is invalid because its design is functional. *See Mot.* 16:13-18:28. Plaintiff is not required to allege that its patented design is non-functional because a design patent, by virtue of its registration, protects the non-functional aspects of useful articles and such a patent carries a presumption that it is valid. *See Lee v. Dayton-Hudson Co.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988); 35 U.S.C. §§ 171, 282; *see also Hall*, 705 F.3d at 1362 (listing pleading requirements for patent design infringement). As Plaintiff notes, invalidity is an affirmative defense to a claim of design patent infringement that must be proven by Defendants by clear and convincing evidence. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-1846-LHK, 2011 WL 7036077, at *7 (N.D. Cal. Dec. 2, 2011) (citing *L.A. Gear, Inc. v. Thorn McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993)); *B-K Lighting, Inc. v. Vision3 Lighting*, 930 F.Supp.2d 1102, 1116 (C.D. Cal. 2013) (clear and convincing standard). Defendants cannot shoulder that evidentiary burden on a motion to dismiss. Accordingly, the Court DENIES Defendants' motion to dismiss the patent infringement claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

    Defendants also argue for dismissal of the patent infringement claim so far as it asserts willful infringement. *See Mot.* 19:1-20:13.[3] "California courts have taken the view that a plaintiff must plead presuit knowledge in order to adequately plead willful infringement." *Deckers Outdoor Corp. v. J.C. Penney Co.*, 45 F.Supp.3d 1181, 1187 (C.D. Cal. 2014) (citations omitted). "Actual knowledge – not constructive knowledge – is the criterion." *Id.* at 1188 (citing *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010)). Here, Plaintiff alleges that "[g]iven the widespread popularity and recognition of [Plaintiff's] Bailey Button boot and the patent notice provided on the products themselves, [Plaintiff] avers and hereon alleges that Defendants had pre-suit knowledge of [Plaintiff's] rights to the '999 Patent and has intentionally copied said design on their own brand of products." *Compl.* ¶ 40. These facts are the same allegations that Judge Otis D. Wright deemed insufficient to allege actual (rather than constructive) knowledge in another '999 Patent infringement case brought by Plaintiff against a different defendant. *See Deckers*, 45 F.Supp.3d at 1188 ("Even if the Bailey Button Boots have garnered widespread popularity and are stamped with patent notice, those allegations, standing alone, do not establish that [defendant] actually knew about the…'999 Patent[].").

    Plaintiff attempts to distinguish its complaint in this case because here, Plaintiff specifically uses the phrase "pre-suit knowledge" in the complaint. *See Opp.* 14:10-13 n.3 (citing *Compl.* ¶ 40). Plaintiff's recitation of the standard does not save the complaint's factual deficiencies. Because proving the factual assertions regarding the Bailey Button Boot Trade Dress' popularity and the printed patent notice would not establish actual knowledge, the Court GRANTS the motion to dismiss the patent claim so far as it asserts willful infringement. However, the Court grants leave to amend so that Plaintiff can allege facts that, if proven, would demonstrate willful infringement.

    C.    <u>Unfair Competition</u>

    Plaintiff asserts claims of unfair competition in violation of the UCL and California common law arising out of Defendants' alleged infringement of the Bailey Button Boot Trade Dress and '999 Patent. *Compl.* ¶¶ 51, 57.

    The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To succeed on a UCL claim under any of its three prongs, a plaintiff must establish that the defendant engaged in a prohibited practice and that as a result of the defendant's actions, he or she suffered actual injury. *Marolda v. Symantec Corp.*, 672

---

[3] Contrary to Plaintiff's assertion that this argument should have been brought as a Rule 12(f) motion to strike, *see Opp.* 12:15-2, Defendants' argument is based on the lack of alleged facts supporting willfulness and "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f)." *Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899 EMC, 2012 WL 3582924, at *1 (N.D. Cal. Aug. 20, 2012).

Case 2:15-cv-00769-PSG-SS Document 19 Filed 05/08/15 Page 12 of 15 Page ID #:321

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

F.Supp.2d 992, 1003 (N.D. Cal. 2009). "'The common law tort of unfair competition is generally thought to be synonymous with the act of "passing off" one's goods as those of another…[, or] acts analogous to "passing off," such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market.'" S*outhland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997) (quoting *Bank of the West v. Super. Ct.*, 2 Cal. 4th 1254, 1263 (1992)).

      The Court dismisses the unfair competition claims because they are either preempted by the Patent Act or premised on the trade dress infringement theory that, as discussed above, has not been adequately pled.

      The Patent Act preempts unfair competition claims unless "the state law claim contains an element not shared by the federal law; an element which changes the nature of the action 'so that it is *qualitatively* different from a copyright [or patent] infringement claim.'" *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993) (quoting *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App. 3d 1327, 1340 (1990)). Thus, to avoid preemption, "the state law claim must require proof of an element not shared by the federal law." *Halton Co. v. Streivor, Inc.*, No. C 10-655 WHA, 2010 WL 2077203, at *4 (N.D. Cal. May 21, 2010); *see Medina v. Microsoft Corp.*, No. C 14-143 RS, 2014 WL 2194825, at *3 (N.D. Cal. May 23, 2014) (discerning no "extra element" and holding that plaintiff's unfair competition claim is preempted by the Patent Act and "not actionable under theories that defendants used [plaintiff's] patented invention or flooded the market with unlicensed infringing devices").

      Plaintiff identifies three "extra elements" and argues that these elements enable the unfair competition claims to avoid the preemptive reach of the Patent Act: (1) Defendants acted with "in an attempt to deceive the public" into believing their goods were sponsored by or affiliated with Plaintiff; (2) Defendants intended to "pass off" their goods as originating or associated with Plaintiff; and (3) Defendants acted in "bad faith." *See Opp.* 17:9-18:13, 19:1-13. None of these identified elements save the unfair competition claims, for different reasons.

      The first two "extra elements" that distinguish the unfair competition claims from a claim for patent infringement articulate unfair competition under a trade dress theory that the Court deems inadequately pled. While the Lanham Act does not preempt unfair competition claims, the parties agree that the Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (citing *Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991)); *Mot.* 20:24-21:2; *Opp.* 14:20-15:1. Thus, because the Court has determined that Plaintiff has failed to sufficiently plead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

trade dress infringement, Plaintiff's unfair competition claims premised on the same theory are likewise insufficiently pled at this point, lacking factual specificity asserting the non-functionality and secondary meaning of the Bailey Button Boot Design Trade Dress.

Plaintiff has previously attempted to plead "bad faith" as an extra element to distinguish its unfair competition claims from a claim for patent infringement, without success. *Deckers*, 45 F.Supp.3d at 1189. Judge Wright concluded that Plaintiff could not avoid preemption by "simply alleging more elements or factual information than necessary[,]" rather, the state claim must "*require* 'an element not shared by the federal law.'" *Id.* (emphasis added) (quoting *Summit*, 7 F.3d at 1439). The Court explained:

> Just because Deckers decided to plead bad faith does not mean that this allegation is even an element of a UCL claim. The UCL does not necessarily require bad-faith conduct to establish a violation. For example, under the 'unlawful' prong, conduct that violates another law—such as a law not involving any sort of bad faith—could serve as a predicate for UCL liability. Since not every law requires bad-faith conduct, it follows that not every UCL claim mandates it either.

*Id.* (internal citations omitted). Plaintiff's cases holding that alleging bad faith may avoid preemption are inapposite because the unfair competition claims were premised on defendants' representations and communications regarding patent rights, rather than defendants' infringing uses. *See Reply* 10:17 n.3; *Opp.* 19:1-9; *see, e.g., Dimension One Spas, Inc. v. Coverplay, Inc.*, No. 3CV1099-L(CAB), 2008 WL 4165034, at *17 (S.D. Cal. Sep. 5, 2008) (explaining that when state law claims are based on a patentee informing others of its patent rights, "federal law governs the appropriateness of the communications unless the communications were made in bad faith").

Accordingly, here, setting aside the insufficiently pled trade dress theory, the alleged unfair conduct is simply Defendants' unauthorized manufacture, distribution, or sale of goods that infringe on Plaintiff's patent. This theory of wrongful conduct is not "qualitatively different" than a claim for patent infringement based on that conduct; therefore, the unfair competition claims premised on this theory are preempted by the Patent Act.

For the foregoing reasons, the Court GRANTS the motion to dismiss the unfair competition claims, with leave to amend.

    D.    Lee's Individual Liability

"Under Ninth Circuit precedent, 'a corporate officer or director is, in general, personally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | | Date | May 8, 2015 |
|---|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | | |

liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.'" *Bangkok Broadcasting & T.V. Co., Ltd. v. IPTV Corp.*, 742 F.Supp.2d 1101, 1114 (C.D. Cal. 2010) (quoting *The Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1985)); *see also Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) (applying the concept in a products "passing off" context). "[M]ere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other 'unreasonable participation' in the unlawful conduct by the individual." *Wolf Designs, Inc. v. DHR Co.*, 322 F.Supp.2d 1065, 1072 (C.D. Cal. 2004) (citation omitted).

"As recognized by the Ninth Circuit, '[c]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the "guiding spirit" behind the wrongful conduct, … or the "central figure" in the challenged corporate activity.'" *Id.* (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989) (citations omitted)); *see also Novell, Inc. v. Unicom Sales, Inc.*, No. 03-2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004) ("corporate officers, shareholders, and employees are personally liable for the corporation's copyright and trademark infringements when they are a 'moving, active conscious force' behind the corporation's infringement") (citations omitted); *Int'l Mfg. Co. v. Landon, Inc.*, 336 F.2d 726, 728-29 (9th Cir. 1964) (personal liability for patent infringement lies where a stockholder or president is the "moving, active conscious force" behind the corporation's infringement, regardless of whether the corporation is the person's alter ego); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 WL 6354534, at *18 (N.D. Cal. Dec. 5, 2014) ("an owner or officer of a corporation may be liable individually under the UCL if he or she actively and directly participates in the unfair business practice") (internal quotation omitted).

Plaintiff's complaint only mentions Lee twice – it alleges that Lee is "an owner, officer, and/or managing agent" of Fortune Dynamic, *Compl.* ¶ 6, and asserts generally that Lee is "the active, moving, conscious force behind the infringing activities alleged," *id.* ¶ 14. *See also Opp.* 20:27-21:4 (affirming those are the only allegations regarding Lee). The fact that Lee is an owner, officer, or managing agent of Fortune Dynamic, standing alone, does not make her liable for the wrongful conduct of the corporation because the case law requires active, guiding participation. The second allegation recites this standard in the form of a conclusion and is unsupported by facts explaining how Lee participated in the allegedly wrongful conduct at issue in this case. Such conclusory pleading is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Accordingly, the Court GRANTS the motion to dismiss the claims against Lee, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-769 PSG (SSx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Deckers Outdoor Corporation v. Fortune Dynamic, Inc., *et al.* | | |

IV.     Conclusion

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss as follows:

The Court GRANTS the motion to dismiss the trade dress claims, with leave to amend.

The Court DENIES the motion to dismiss the patent infringement claim, but GRANTS the motion to dismiss it so far as it asserts willful infringement. The dismissal of the willful component of the claim is granted with leave to amend.

The Court GRANTS the motion to dismiss the unfair competition claims, with leave to amend.

The Court GRANTS the motion to dismiss the claims asserted against Lee, with leave to amend.

Plaintiff may file a First Amended Complaint ("FAC") consistent with this opinion no later than **June 8, 2015**. If Plaintiff fails to file an FAC by that date, the claims that have been dismissed with leave to amend will be dismissed with prejudice.

**IT IS SO ORDERED.**